PEOPLE v STRICKLAND

Docket No. 298707. Submitted July 13, 2011, at Detroit. Decided July 28,
2011, at 9:00 a.m. Leave to appeal denied, 490 Mich 1002.

Jerome Strickland was convicted by a jury in the Wayne Circuit
Court of first-degree home invasion, assault with intent to do great
bodily harm less than murder, being a felon in possession of a
firearm, felonious assault, and possession of a firearm during the
commission of a felony. Strickland had broken into the home of a
senior couple, during which one of the occupants armed himself
with a gun. The prosecution argued that Strickland jointly pos-
sessed the firearm when he placed both hands on the gun as he
attempted to take it from the man during the fight. On the first
day of trial, Strickland requested new counsel on the basis of the
grievance he had filed against, and his lack of confidence in, his
appointed counsel, as well as counsel's failure to file pretrial
motions to dispose of the assault and firearm charges. The court,
Vera Massey Jones, J., denied the request. Strickland appealed his
convictions and sentences.

The Court of Appeals *held*:

1. A trial court's decision regarding substitution of counsel will
not be disturbed absent an abuse of discretion. Appointment of a
substitute counsel is warranted only upon a showing of good cause
and if substitution will not unreasonably disrupt the judicial
process. When a defendant asserts that his or her assigned
attorney is not adequate or diligent or is disinterested, the trial
court should hear the defendant's claim and, if there is a factual
dispute, take testimony and state its findings and conclusions on
the record. Absent substantial reason, adequate cause does not
exist to substitute an attorney on the basis of a defendant's mere
allegation of lack of confidence or general unhappiness with his or
her representation. Disagreements about trial strategy or profes-
sional judgment also do not warrant substitution of counsel.
Strickland stated that he was dissatisfied because his counsel
provided no details, did not challenge the evidence, and did not
visit him in jail. He failed, however, to explain which motions
should have been filed or how they would have been successful.
Counsel was not required to file a futile motion, and this reason

did not establish good cause for substitution of counsel. Under the facts presented, the trial court did not abuse its discretion by denying defendant's untimely request for substitution of counsel on the first day of trial.

2. In a challenge to the sufficiency of the evidence, the evidence is viewed in a light most favorable to the prosecution to determine whether any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. There was sufficient evidence that permitted a rational trier of fact to reasonably infer that Strickland assaulted one of the home's occupants with the intent to do great bodily harm less than murder by repeatedly striking the victim in the head and face while pinning his hands to his chest and struggling with him over possession of the firearm.

3. Possession of a firearm is a question of fact for the trier of fact and can be proved by circumstantial evidence and reasonable inferences arising from the evidence. Possession of a firearm may be sole or joint. Dominion or control over the firearm need not be exclusive; the essential question is one of control. Strickland argued on appeal that there was insufficient evidence to support the firearm and dangerous weapon elements of the offenses of assault with intent to do great bodily harm less than murder, felonious assault, felon-in-possession, and felony-firearm. When Strickland discovered that one of the occupants of the home was armed with a gun, Strickland immediately attacked him and attempted repeatedly to take the gun. Strickland had both hands on the gun. It discharged as Strickland attempted to gain sole possession of the gun. A rational trier of fact could reasonably have inferred that there was sufficient evidence to support the possession elements of felon-in-possession, felonious assault, and felony-firearm.

4. The validity of multiple punishments under the double jeopardy provisions of the United States and Michigan Constitutions is determined under the same-elements test. A reviewing court must determine whether each provision requires proof of a fact that the other does not. Convictions of both assault with intent to do great bodily harm less than murder and felonious assault do not violate the constitutional double jeopardy protections because the two crimes have different elements.

Affirmed.

1. ATTORNEY AND CLIENT — SUBSTITUTION OF COUNSEL — GOOD CAUSE.

A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion; appointment of a substi-

tute counsel is warranted only upon a showing of good cause and if substitution will not unreasonably disrupt the judicial process; if a defendant claims that his or her assigned counsel is not adequate or diligent or is disinterested, the court should hear the defendant's claim and, if there is factual dispute, take testimony and state its findings and conclusions on the record; absent substantial reason, adequate cause does not exist to substitute an attorney on the basis of a defendant's mere allegation of lack of confidence or general unhappiness with his or her representation; substitution is also not warranted on the basis of disagreements about trial strategy or professional judgment.

2. CRIMINAL LAW — FIREARMS — JOINT POSSESSION.

Possession of a firearm as an element of an offense is a question of fact for the trier of fact and can be proved by circumstantial evidence and reasonable inferences arising from the evidence; possession of a firearm may be sole or joint and dominion or control over the firearm need not be exclusive; the essential question is one of control.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

The "same-elements" test is applied in order to determine the validity of multiple punishments under the double jeopardy provisions of the United States and Michigan Constitution; a reviewing court must determine whether each crime requires proof of a fact that the other does not (US Const, Am V; Const 1963, art 1, § 15).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jason W. Williams*, Assistant Prosecuting Attorney, for the people.

*Jonathon B. D. Simon* for defendant.

Before: TALBOT, P.J., and HOEKSTRA and GLEICHER, JJ.

TALBOT, P.J. Jerome Strickland challenges his jury trial convictions of first-degree home invasion,[1] assault

---

[1] MCL 750.110a(2).

with intent to do great bodily harm less than murder,[2] being a felon in possession of a firearm,[3] felonious assault,[4] and possession of a firearm during the commission of a felony.[5] Strickland was sentenced as a fourth-offense habitual offender to concurrent prison terms of 320 months to 60 years for the first-degree home invasion conviction, 2 to 20 years for the conviction of assault with intent to do great bodily harm less than murder, 2 to 5 years for the felon-in-possession conviction, and 2 to 15 years for the felonious assault conviction, to be served consecutively to a 2-year term of imprisonment for the felony-firearm conviction.[6] We affirm.

Strickland was convicted of breaking into the home of a senior couple, Arlis and Vera Clarkson, during which 70-year-old Arlis armed himself with a gun after realizing the possibility of an intruder. The prosecution alleged that while Strickland was assaulting Arlis, he jointly possessed Arlis's firearm when he placed both hands on the gun as he attempted to take it from Arlis. The gun discharged three times during the struggle, and Arlis was shot in the hand. Strickland conceded at trial that he invaded the Clarksons' home, but argued that he never possessed Arlis's gun.

## I. APPOINTMENT OF NEW COUNSEL

Strickland first argues that the trial court abused its discretion by denying his request for new counsel made on the first day of trial. We disagree.

---

[2] MCL 750.84.

[3] MCL 750.224f.

[4] MCL 750.82.

[5] MCL 750.227b.

[6] MCL 769.12.

"A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion."[7] "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes."[8] As this Court has explained:

> "An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic."[9]

Initially, we reject Strickland's claim that the trial court failed to adequately inquire into the nature of the breakdown of the attorney-client relationship. "When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record."[10] Because the trial court accepted a copy of the grievance that Strickland had filed against his attorney and gave him an opportunity to "say whatever he wants to say" on the record about counsel's alleged inadequacies, the trial court was aware of Strickland's complaints regarding appointed counsel.

Further, neither Strickland's complaints nor his filing of a grievance established good cause for the ap-

---

[7] *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001).

[8] *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

[9] *Traylor*, 245 Mich App at 462, quoting *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991).

[10] *People v Bauder*, 269 Mich App 174, 193; 712 NW2d 506 (2005).

pointment of new counsel. A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause.[11] Likewise, a defendant's general unhappiness with counsel's representation is insufficient.[12] Strickland stated that he was dissatisfied because counsel provided "no details, no challenges against the evidence," gave Strickland "nothing to work with," and did not visit him in jail. Upon inquiry by the trial court, however, counsel explained that he had recently met with Strickland at the jail to explain the prosecution's plea offer, thereby refuting the lack-of-contact claim. Strickland's remaining complaints lacked specificity and did not involve a difference of opinion with regard to a fundamental trial tactic. Counsel's decisions about defense strategy, including what evidence to present and what arguments to make, are matters of trial strategy,[13] and disagreements with regard to trial strategy or professional judgment do not warrant appointment of substitute counsel.[14]

In addition to the matters mentioned in the trial court, Strickland adds on appeal that counsel failed to file any pretrial motions to dispose of the assault and firearm charges. Strickland does not indicate what motions should have been filed or explain how they would have been successful. Counsel was not required to file a futile motion.[15] Any failure by counsel in this regard did not establish good cause for substitution of counsel.

---

[11] *People v Otler*, 51 Mich App 256, 258-259; 214 NW2d 727 (1974).

[12] See, e.g., *Traylor*, 245 Mich App at 463 (noting that a defendant's filing of a grievance against his counsel is insufficient alone to warrant new counsel).

[13] *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

[14] *Traylor*, 245 Mich App at 463-464.

[15] See *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

Finally, Strickland waited until the day of trial to request new counsel. The jury and witnesses were present, and the prosecutor and defense counsel were ready to proceed. A substitution of counsel at that point would have unreasonably delayed the judicial process. Although Strickland claimed to have made the request one month earlier, the record does not support that claim. Consequently, the trial court did not abuse its discretion by denying his untimely request for a new attorney.[16]

## II. SUFFICIENCY OF THE EVIDENCE

Strickland argues that he never possessed a weapon, so the evidence was insufficient to support the firearm and dangerous-weapon elements of the offenses of assault with intent to do great bodily harm less than murder, felonious assault, felon-in-possession, and felony-firearm. We disagree.

In ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court "must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt."[17] "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the [trier of fact's] verdict."[18]

We first note that, Strickland's sufficiency challenge to his conviction of assault with intent to do great bodily harm less than murder is without merit. His conviction for assault with intent to do great bodily harm less than

---

[16] *Traylor*, 245 Mich App at 462.

[17] *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992).

[18] *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

murder did not rely on the factual question of whether he possessed a firearm, and possession of a firearm or a dangerous weapon is not a necessary element of that offense.[19] Viewed in a light most favorable to the prosecution, the evidence was sufficient to permit a rational trier of fact to reasonably infer that Strickland assaulted Arlis with the intent to do great bodily harm less than murder by repeatedly striking the 70-year-old victim in the head and face while pinning his hands to his chest and struggling with him over possession of the firearm.

With regard to the remaining convictions, possession is a question of fact for the trier of fact and can be proved by circumstantial evidence and reasonable inferences arising from the evidence.[20] Possession of a firearm may be sole or joint; thus dominion or control over the object need not be exclusive.[21] The essential question is one of control.[22]

Strickland invaded the Clarksons' home and discovered that Arlis had armed himself with a gun. Arlis testified that Strickland immediately attacked him and attempted to take the gun. During the struggle, Strickland had both of his hands on the gun, repeatedly tried to take it away, and directed Arlis to "give it up." Strickland nearly managed to completely wrest control of the gun away from Arlis a couple of times. As Strickland attempted to gain sole possession of the gun, it discharged and Arlis was shot.

---

[19] *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997).

[20] *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989); *People v Truong (After Remand)*, 218 Mich App 325, 337; 553 NW2d 692 (1996).

[21] *Hill*, 433 Mich at 470; cf. *People v Konrad*, 449 Mich 263, 271; 536 NW2d 517 (1995).

[22] See *Hill*, 433 Mich at 470-471; *Konrad*, 449 Mich at 271.

Viewed in a light most favorable to the prosecution, the evidence was sufficient to permit a rational trier of fact to reasonably infer that Strickland possessed the gun jointly with Arlis during the assault. Although Strickland provides an alternative view of the evidence, it was up to the trier of fact to evaluate the evidence and, for purposes of resolving Strickland's sufficiency challenge, this Court is required to view the evidence in a light most favorable to the prosecution.[23] There was sufficient evidence of possession to support defendant's convictions.

### III. DOUBLE JEOPARDY

Strickland lastly argues that his dual convictions and sentences for both assault with intent to do great bodily harm less than murder and felonious assault violate his double jeopardy right not to be subjected to more punishment than the Legislature intended. Because this issue was not raised below, our review is limited to plain error affecting substantial rights.[24]

The validity of multiple punishments under the double jeopardy provisions of the United States and Michigan Constitutions is generally determined under the "same-elements test," which requires the reviewing court to determine " 'whether each provision requires proof of a fact which the other does not.' "[25] Our Supreme Court has determined that convictions of both assault with intent to do great bodily harm less than murder and felonious assault do not violate the consti-

---

[23] *Wolfe*, 440 Mich at 515.

[24] *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

[25] *People v Smith*, 478 Mich 292, 305, 315-316; 733 NW2d 351 (2007), quoting *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).

tutional double jeopardy protections because the two crimes have different elements.[26] This Court is bound to follow decisions of our Supreme Court.[27] Accordingly, Strickland has failed to demonstrate error.

Affirmed.

HOEKSTRA and GLEICHER, JJ., concurred with TALBOT, P.J.

---

[26] *People v Strawther*, 480 Mich 900; 739 NW2d 82 (2007).

[27] *People v Hall*, 249 Mich App 262, 270; 643 NW2d 253 (2002).