# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 20, 2014

Plaintiff-Appellee,

v

No. 317078
Ottawa Circuit Court
LC No. 12-036391-FC

DAVANH PHOUANGPHET,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

On January 23, 2012, the victim was doused with lighter fluid and set on fire. She later died from her injuries on January 29, 2012. Defendant was charged as her assailant with first-degree premeditated murder, MCL 750.316, and convicted after a jury trial. Defendant appeals as of right on the sole grounds that there was insufficient evidence to support his conviction. We affirm.

> In ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. A reviewing court is required to draw all reasonable inferences and make credibility choices in support of the trier of fact's verdict. [*People v Strickland*, 293 Mich App 393, 399; 810 NW2d 660 (2011) (quotation marks and brackets omitted).]

The elements of first-degree premeditated murder are (1) an intentional killing of a human being (2) with premeditation and deliberation. *People v Hoffmeister*, 394 Mich 155, 158-159; 229 NW2d 305 (1975); *People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993). The specific intent to kill element of first-degree murder may be inferred from any facts in evidence. *People v Unger*, 278 Mich App 210, 223; 749 NW2d 272 (2008). "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient to establish a defendant's intent to kill." *Id*. The premeditation and deliberation element requires "sufficient time to allow defendant to take a second look." *Id*. The finder of fact may find the following factors persuasive: (1) the prior relationship of the parties; (2) the defendant's actions

-1-

before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide. *People v Anderson*, 209 Mich App 527, 537; 531 NW2d 780 (1995).

We conclude that the prosecution presented sufficient evidence to allow a rational jury to conclude that the elements of first-degree murder were proven beyond a reasonable doubt.

Two days before the assault, defendant was heard saying, "something is going to happen on Monday [January 23] and the police is going to come and get [me]." On January 23, the day of the assault, a witness heard the victim and defendant arguing. Two of defendant's housemates testified that, about an hour later, at 10:00 a.m. on January 23, they awoke to hear the victim screaming. One of the housemates saw defendant standing near the victim, who was on fire. Defendant was not rendering aid and appeared to have a lighter in his right hand; he then fled the house while the housemates attempted to aid the victim. One housemate attempted to put the fire out but failed. The other housemate was able to get the victim to a downstairs bathroom where the flames were extinguished in the shower.

After police performed an initial investigation, they discovered that the fire started in the victim's upstairs bedroom. Police recovered two Coleman fuel cans, a Wal-Mart receipt in defendant's bedroom disclosing the purchase of two Coleman fuel cans and two four-hour burn logs four days before the assault, a Wal-Mart bag, and three lighters. A fire expert testified that the fire was caused by an ignitable liquid pour and that the victim was on her back in her bedroom when the pour occurred. The expert's analysis was consistent with the victim's injuries—she was burned on 55 to 60 percent of her body. Additionally, fingerprints found on one of the Coleman fuel cans matched defendant's fingerprints. Further, defendant told police, "I couldn't take it anymore. She always rags on me." This evidence, and the reasonable inferences drawn there from, was sufficient to allow the jury to conclude that the specific intent to kill and premeditation and deliberation elements of first-degree premeditated murder were proven beyond a reasonable doubt. See *Unger*, 278 Mich App at 223-227 (finding motive, opportunity, and consciousness of guilt are persuasive in determining the actor's state of mind); *People v Mills*, 450 Mich 61, 63; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995) (holding evidence of injury is evidence of intent to kill); *Anderson*, 209 Mich App at 537-538 (evidence of the defendant committing the assault, severely injuring the victim, and making statements consistent with the commission of assault were sufficient to establish the elements of first-degree premeditated murder).

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro