# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN HOOVER CLAY,

        Defendant-Appellant.

UNPUBLISHED
April 16, 2015

No. 319978
Wayne Circuit Court
LC No. 13-005825-FC

Before: HOEKSTRA, P.J., and MARKEY and DONOFRIO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, second offense, MCL 750.227b. The trial court sentenced defendant to 15 to 30 years' imprisonment for each armed robbery conviction, one to five years' imprisonment for the felon-in-possession conviction, and five years' imprisonment for the felony-firearm conviction. Because the trial court did not abuse its discretion in denying defendant's request for substitute counsel, we affirm.

This case arises from armed robberies in Detroit, Michigan on May 8, 2013. The victims, Edward Crenshaw and Augustus James, were repairing a friend's car when they were robbed at gunpoint by a group of three men. Both Crenshaw and James identified defendant at trial as one of the robbers and testified that defendant was armed with a handgun. In addition, at about the time of the robbery, a neighbor noticed a brown Chevrolet Impala with heavy damage to its front end parked in an unusual place nearby. The following day, police encountered a vehicle matching the neighbor's description and defendant was among the car's occupants. At that time, defendant hesitated when ordered to put his hands up, and police testified that it appeared as if defendant "was trying to conceal something or grab something." Defendant then fled from police on foot, and a handgun was found inside the Impala within reach of where defendant had been sitting. Defendant was ultimately apprehended approximately three weeks after the robberies, and both victims identified him in a photo-array.

At trial, although defense counsel failed to timely file an alibi notice, the prosecution waived any objection and defendant presented an alibi defense. Specifically, defendant's father, John Woods, testified that defendant had been working with him at Woods's towing business at the time of the robbery. As noted, a jury convicted defendant of two counts of armed robbery,

felon in possession of a firearm, and possession of a firearm during the commission of a felony. Defendant now appeals as of right.

On appeal, defendant argues that the trial court abused its discretion by denying his request for substitute counsel after his trial counsel failed to file a timely notice of alibi. This Court reviews a lower court's decision regarding a motion for substitution of counsel for an abuse of discretion. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011). An abuse of discretion occurs when the decision of the lower court falls outside the range of reasonable and principled outcomes. *Id.*

Discussing the substitution of counsel, this Court has previously explained:

An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001) (citation omitted).]

In contrast, a defendant's general unhappiness with counsel's representation or a mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not constitute good cause for the substitution of counsel. *Strickland*, 293 Mich App at 398. Ultimately, the circumstances that would justify good cause depend on the facts of each case. *People v Buie*, 298 Mich App 50, 67; 825 NW2d 361 (2012).

"When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *Strickland*, 293 Mich App at 397 (citation omitted). On appeal, we must remember, however, that "while an allegation of attorney disinterest warrants consideration by a trial court of the defendant's allegation, a defendant's conviction will not be set aside, even in the absence of judicial consideration of the defendant's allegation, if the record does not show that the lawyer assigned to represent [the defendant] was in fact inattentive to his [or her] responsibilities." *Buie*, 298 Mich App at 67 (alterations in original) (quotation marks and citation omitted).

In this case, at a hearing held less than a week before trial, defendant for the first time voiced his displeasure with his trial counsel and he requested substitute counsel. At that time, the trial court gave defendant ample opportunity to explain the reasons for his request. In response, defendant generally asserted that he felt uncomfortable with defense counsel and, more specifically, defendant alleged that defense counsel intended to proceed to trial without any kind of defense and that, during a conversation the previous day, defense counsel told defendant he was unaware of defendant's alibi. For example, defendant stated:

I still want to go to trial, but I just, when [defense counsel] came up to see me yesterday, he was telling me that like he didn't know, he didn't know about like

my alibi and where I was at and I didn't tell him, some other little things that he, he said I didn't inform him of. But I did from the beginning. I just want, I want a new lawyer because I don't feel comfortable going to trial with my attorney now.

\* \* \*

After yesterday when, when he told me that he was finna go to trial without no, without no defense. He was basically going to just swap me out. And I don't feel, I don't feel that's right when I'm sitting here fighting for my freedom and fighting for my life. This is not a game to me. Like he came in there and said I didn't tell him about an alibi. And I did, you know. And, basically, I was finna go to trial. I was supposed to be starting trial next week without no defense- -

\* \* \*

Because what I'm saying is, what I'm saying, [Judge], is basically I was, I was finna go to trial without, without nothing. No, no, no - - Without nothing. He was just basically finna take me to trial just him, just him by, by hisself, no defense, what I, what I told him in the beginning. I was going to trial basically just going up there just saying: Well, I didn't do what they accusing me of. And that was going to be it. . . .

Considering defendant's proffered reasons for requesting substitute counsel, we cannot see that the trial court's denial of defendant's request fell outside the range of reasonable and principled outcomes. As expressed to the trial court, defendant's main concern was that his counsel intended to pursue no defense at trial and, in particular, that defense counsel had disavowed knowledge of defendant's alibi and would not be calling an alibi witness. As the trial court explained to defendant when denying his request for new counsel, however, defendant's fear in this regard was entirely unfounded given that, although defense counsel failed to file a timely alibi notice, he nonetheless sought and obtained the prosecutor's agreement not to object to defendant's alibi defense. In fact, at the same hearing at which defendant requested substitute counsel, defense counsel amply demonstrated his knowledge of defendant's alibi and his intent to pursue such a defense at trial, explaining:

I would inform the Court at this time that if we go to trial [defendant] would intend to call his father, Mr. John Woods, to testify that [defendant] was with his father on the date and time of this incident at work. Mr. John Woods has a towing company. And on the day and question and time [sic] his son, [defendant], was with him. Mr. John Woods, the father, is present in court today and will provide any and all information that is asked of him by the prosecutor.

Far from demonstrating a legitimate difference of opinion regarding a fundamental trial tactic, *Traylor*, 245 Mich App at 462, it appears from defendant's statement and defense counsel's remarks, as well as the defense actually presented at trial, that defense counsel had every intention of presenting not only a defense, but the very alibi defense that defendant thought appropriate. Quite simply, defendant's concern that counsel would not present an alibi defense was unwarranted and it did not justify the appointment of substitute counsel.

Moreover, defendant's more general assertion that he did not "feel comfortable" with defense counsel was insufficient to justify the appointment of substitute counsel. See *id.* at 463. Indeed, while defense counsel's failure to file a timely notice of intent regarding the alibi defense might have potentially given defendant some cause for concern, the fact remains that defense counsel rectified any oversight in this regard by obtaining the prosecutor's agreement to waive any objection to the lack of notice regarding the alibi defense and defense counsel ultimately presented this defense at trial.[1] Further, the prosecution stated on the record at the hearing that defense counsel had "done a diligent job" in preparing for trial and participated in multiple conversations with the prosecution about the case. On these facts, given defense counsel's preparation for trial and specifically his efforts to pursue an alibi defense, we see no basis for concluding that counsel was disinterested, inadequate, or inattentive to his responsibilities. See *Buie*, 298 Mich App at 69. On the whole, defendant has not shown that good cause existed for the substitution of counsel. In addition, given the timing of defendant's request, less than a week before trial when both the prosecutor and defense counsel were ready to proceed, substitution at that late stage would have unreasonably delayed the judicial process. Cf. *Strickland*, 293 Mich App at 399. Consequently, the trial court's failure to appoint substitute counsel was not an abuse of discretion.

---

[1] On appeal, as part of his argument that the trial court should have appointed substitute counsel, defendant asserts that counsel's procurement of the prosecution's agreement not to object to an alibi defense and his ultimate presentation of an alibi defense does not excuse his failure to file a timely notice of alibi before trial. Specifically, defendant argues that counsel's failure to file a timely notice of an alibi defense evidences an absence from trial preparation that amounted to structural error because it involved a complete denial of counsel during a critical stage of the proceedings. See generally *United States v Cronic*, 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984); *People v Frazier*, 478 Mich 231, 241-246; 733 NW2d 713 (2007). Defendant's reliance on *Cronic* is misplaced, however, because it is readily apparent that any error by counsel in regard to his failure to file a timely notice of an alibi defense constituted a failure at a specific point in the proceedings and certainly not a complete failure by counsel of the type described in *Cronic*. See *Frazier*, 478 Mich at 244-245. Consequently, defendant has not shown structural error, prejudice may not be presumed, and, to the extent defendant alleges a deprivation of the effective assistance of counsel, counsel's performance is amenable to review under the standard set forth in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *Frazier*, 478 Mich at 245; *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994). Under this standard, given that defense counsel obtained the prosecutor's agreement to waive any objection and in fact presented an alibi defense at trial, defendant cannot make a showing of prejudice based on counsel's failure to file a timely notice and thus, to the extent his argument involves an assertion that he was denied his right to the effective assistance of counsel, he has not met his burden and he is not entitled to relief on this basis. Cf. *Pickens*, 446 Mich at 327 (holding counsel's failure to properly file notice of alibi was inexcusable neglect but that the defendant was not entitled to relief because he had not shown prejudice).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Jane E. Markey
/s/ Pat M. Donofrio