# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 16, 2015

v

No. 316187
Macomb Circuit Court
LC No. 2012-003808-FH

EDDIE JACKSON, JR.,

Defendant-Appellant.

Before: HOEKSTRA, P.J., and MARKEY and DONOFRIO, JJ.

PER CURIAM.

A jury convicted defendant of delivery of less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), and resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a second controlled substance offender, MCL 333.7413(2), to four years' probation for the delivery of heroin conviction with 180 days to be served in jail and to a concurrent two-year probationary term with 180 days in jail for the resisting or obstructing conviction. Defendant appeals by right. We affirm.

Defendant first argues that the prosecutor improperly mentioned during closing argument that the forensic scientist who testified about the composition of the controlled substance had confirmed the results obtained by a nontestifying scientist. Defendant contends that this reference deprived him of his right of confrontation, shifted the burden of proof to defendant, and otherwise deprived him of due process and a fair trial. Defendant concedes that there was no objection to the prosecutor's comments; consequently, this issue is unpreserved.

This Court reviews alleged instances of prosecutorial misconduct case by case, examining the prosecutor's remarks in context to determine whether the defendant received a fair and impartial trial. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). Although the prosecutor may not argue facts that are unsupported by admitted evidence, the prosecutor may argue reasonable inferences from the evidence. *Id*. at 588. Unpreserved allegations of prosecutorial misconduct are reviewed only to ascertain whether a plain error affected the defendant's substantial rights. *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

The record fails to substantiate that any prosecutorial misconduct occurred, or that defendant endured any substantial prejudice arising from the prosecutor's conduct. Defendant's appellate argument ignores that in answer to a prosecutor query as to whether the testifying scientist's forensic examination "confirm[ed] the prior test" of another expert, the testifying

scientist responded, "In terms of the presence of heroin, yes." Thus, the prosecutor properly argued evidence of record in support of her theory of defendant's guilt. *Watson*, 245 Mich App at 588. Contrary to defendant's assertion, the prosecutor did not suggest that she possessed any specialized knowledge concerning the truthfulness of her expert witness. *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). We find nothing inappropriate in the prosecutor's closing argument.[1]

Even assuming the existence of some error in the prosecutor's query of the testifying scientist or her commentary during closing argument, we find that defendant has not demonstrated any adverse impact on his substantial rights. *Callon*, 256 Mich App at 329. Ample evidence introduced during trial established defendant's guilt of the charges, which defendant does not contest on appeal. Furthermore, the testifying scientist properly testified as an expert that his analysis of the substance that an undercover officer bought from defendant on October 8, 2012, identified the presence of heroin, MRE 702, and the undercover officer properly testified that his field testing of the substance on October 8, 2012, revealed the presence of heroin, MRE 701. In light of all the evidence of defendant's guilt, including the two other appropriate references to the nature of the substance tested as heroin, defendant has not shown that the brief reference to another test affected his substantial rights. *People v Smith*, 456 Mich 543, 554-555; 581 NW2d 654 (1998) (discussing that an error may be found harmless by assessing its effect in light of the weight and strength of the untainted evidence). Last, the jury is presumed to have followed the trial court's instruction that attorney's arguments and statements are not evidence. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008) (explaining that curative instructions suffice to cure the prejudice arising from "most inappropriate prosecutorial statements," and jurors presumptively follow the court's instructions).

Defendant also challenges the trial court's refusal to appoint substitute defense counsel. According to defendant, although he informed the trial court that his counsel did not seem adequate, diligent, or inclined to question witnesses as defendant wanted, the trial court refused to make any inquiry into his dissatisfaction with defense counsel. We review for an abuse of discretion the trial court's decision regarding substitution of counsel. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011).

The trial court acted within the range of reasonable and principled outcomes by denying defendant's untimely motion for substitute counsel, which was unsupported by good cause. *Id*. This Court in *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991), opined:

---

[1] Although defendant contends that the prosecutor shifted the burden of proof to the defense and denied him his right to confrontation, he provides no specific elaboration of this contention and cites no supporting authority. Defendant's failure to properly address the merits of his argument constitutes abandonment of the issue. See *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012). We also note that defendant offers nothing to suggest that the prosecutor acted in bad faith in introducing testimony regarding the initial controlled substance analysis. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999) (observing that "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence").

An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [Citations omitted.]

"A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation is insufficient." *Strickland*, 293 Mich App at 398.

Defendant twice voiced his dissatisfaction with his appointed defense counsel, once on the first scheduled trial date and again on the second scheduled trial date. Contrary to defendant's contention, the trial court afforded him extended opportunities on two different days to explain the nature of his perceived disagreement with defense counsel's trial strategy. *Strickland*, 297 Mich App at 398. Defendant failed to establish that a difference of opinion existed between defense counsel and him regarding any fundamental trial tactic. *Mack*, 190 Mich App at 14. The only specific disagreement that defendant identified involved his desire for defense counsel to raise before the jury that a falsehood existed concerning the charges beginning at the arraignment. An order entered after the arraignment reflects that defendant stood mute on the charges in the information. The initial felony information mistakenly charged defendant with delivery of less than 50 grams of cocaine, a mistake that the prosecutor remedied by filing an amended information correctly charging defendant with delivery of less than 50 grams of heroin. The trial court correctly rejected that defendant's only specific complaint regarding defense counsel qualified as good cause for substitution of counsel. Furthermore, the record reveals that defense counsel diligently represented defendant during the trial, including by asking questions defendant wanted him to ask.

We affirm.

/s/ Joel P. Hoekstra
/s/ Jane E. Markey
/s/ Pat M. Donofrio