# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

ANTHONY MARK RICE,

      Defendant-Appellee.

FOR PUBLICATION
February 14, 2017
9:10 a.m.

No. 329502
Eaton Circuit Court
LC No. 15-020096-FH

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Defendant, Anthony Mark Rice, pleaded guilty as a fourth-offense habitual offender, MCL 769.12, to operating or maintaining a methamphetamine laboratory, MCL 333.7401c(2)(f), and operating or maintaining a methamphetamine laboratory near a specified location, MCL 333.7401c(2)(d). The trial court sentenced Rice below the sentencing guidelines to serve concurrent terms of 48 months' to 35 years' imprisonment. The prosecution appeals Rice's sentence by leave granted.[1] We affirm.

## I. FACTUAL BACKGROUND

Pursuant to a *Cobbs*[2] agreement, Rice admitted that he bought chemicals to manufacture methamphetamine in an apartment building. The trial court indicated that it would sentence Rice to the bottom of his recommended sentencing guidelines range. Between Rice's plea and sentencing hearing, the Michigan Supreme Court issued its decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

Rice's sentencing guidelines recommended a range of 72 to 240 months' imprisonment, and the assessment did not involve any judicial fact-finding. At his sentencing hearing, Rice presented evidence that he had been a model prisoner who worked in prison, participated in drug

---

[1] *People v Rice*, unpublished order of the Court of Appeals, entered March 11, 2016 (Docket No. 329502).

[2] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993) (holding that a defendant may withdraw his or her plea if the trial court at sentencing exceeds the preliminary evaluation).

and alcohol rehabilitation, and did not receive misconduct tickets. The trial court decided to depart downward from the sentencing guidelines. It acknowledged Rice's prior record and the nature of the crime for which he was sentenced, but it found that Rice's convictions primarily involved "poisoning" himself and that giving Rice the "benefit of the doubt" would help him make a positive change in his life.

The prosecution argued that the trial court was mandated to apply the sentencing guidelines because Rice's case did not involve constitutionally impermissible judicial fact-finding and, therefore, *Lockridge* did not apply. The trial court determined that the *Lockridge* Court used broad language that rendered the sentencing guidelines advisory under all circumstances, and thus that it could treat the guidelines as advisory in Rice's case. The prosecution now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo issues of statutory interpretation. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). We also review de novo questions of constitutional law. *Lockridge*, 498 Mich at 373.

## III. ANALYSIS

The prosecution argues that the Michigan Supreme Court's decision in *Lockridge* only renders the Legislative sentencing guidelines advisory in cases in which the defendant's sentence involved judicial fact-finding. Because the *Lockridge* Court did not limit its language in such a fashion, we disagree. We conclude that the *Lockridge* Court rewrote MCL 769.34(2) and (3) without exception, rendering the guidelines advisory in all cases.

The *Lockridge* Court framed the issue as "whether the Michigan sentencing guidelines violate a defendant's Sixth Amendment fundamental right to a jury trial." *Lockridge*, 498 Mich at 364. In answering this question affirmatively, the Court concluded that

> the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient. [*Id.*]

To remedy this constitutional violation, the Court "sever[ed] MCL 769.34(2) to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." *Id.* The Court explicitly struck down MCL 769.34(3)'s requirement "that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." *Id.* at 364-365. The Court further struck down "any part of MCL 769.34 or another statute [that] refers to use of the sentencing guidelines as mandatory or refers to departures from the guidelines . . . ." *Id.* at 365 n 1.

Addressing the entire scheme and system of MCL 769.34, the *Lockridge* Court held that the guidelines were advisory and struck down MCL 769.34(3)'s requirement that a trial court need not articulate substantial and compelling reasons to depart from the guidelines. It is clear

from this language that the Court drew no distinction between when a specific case actually applied judge-found facts and when a case did not. The Court's language was precise and explicit, and it in no way limited its holding to cases in which judicial fact-finding actually occurred.

For these reasons, we conclude that the trial court properly held that the Legislative sentencing guidelines are advisory in every case, regardless of whether the case actually involves judicial fact-finding. If the Michigan Supreme Court did not intend such a result, it is up to that Court to clarify its previous opinion. See *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011) (stating that "[t]his Court is bound to follow decisions of our Supreme Court.")[3]

We affirm.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter

---

[3] The Michigan Supreme Court may very well clarify its *Lockridge* opinion in the near future, given that the issue of "whether MCL 769.34(2) and (3) remain in full force and effect where the defendant's guidelines range is not dependent on judicial fact-finding, see MCL 8.5" is presently pending before the Michigan Supreme Court. *People v Steanhouse*, 499 Mich 934; 879 NW2d 252 (2016).