# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

GEORGE EDWARD WRIGHT,

        Defendant-Appellee.

UNPUBLISHED
May 11, 2017

No. 330827
Wayne Circuit Court
LC No. 15-000375-01-FC

Before: TALBOT, C.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

The trial court convicted defendant at a bench trial of first-degree home invasion, MCL 750.110a(2), and assault and battery, MCL 750.81(1). In April 2015, the trial court sentenced defendant to 3 to 20 years in prison for the home invasion conviction and 93 days for the assault and battery conviction. In August 2015, defendant filed a motion for resentencing, seeking relief pursuant to our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). The trial court agreed that defendant was entitled to relief under *Lockridge*, granted defendant's motion for resentencing, and resentenced defendant to a reduced prison term of 1 to 20 years for the home invasion conviction. The prosecution appeals as of right, arguing that *Lockridge* does not apply to defendant's case because defendant's original sentence was not affected by judicial fact-finding, and therefore, defendant's original sentence was valid and the trial court lacked the authority to modify it. For the reasons set forth in this opinion, we affirm.

First-degree home invasion is a Class B felony subject to the legislative sentencing guidelines. MCL 777.16f. The guidelines as scored for defendant's conviction established a minimum sentence range of 36 to 60 months. It is undisputed that no judicial fact-finding was involved in scoring defendant's guidelines because defendant was not assessed any points for the offense variables. At the time of sentencing, the trial court was required to impose a minimum sentence within the guidelines range unless it "has a substantial and compelling reason" to depart from the guidelines. MCL 769.34(2) and (3). The trial court found that the guidelines were "a bit harsh," but that defendant had not shown a substantial and compelling reason for a downward departure. It therefore sentenced defendant within, but at the bottom of, the guidelines range, imposing a minimum sentence of 36 months.

After defendant was sentenced, our Supreme Court decided *Lockridge*, in which it held that the guidelines are unconstitutional "to the extent they *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score the offense variables . . . that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" *Lockridge*, 498 Mich at 364 (emphasis in original). To remedy the constitutional violation, the Court severed MCL 769.34(2) "to the extent that it is mandatory and str[uck] down the requirement of a 'substantial and compelling reason' to depart from the guidelines range in MCL 769.34(3)." *Id.* at 391. The Court held that the guidelines "are advisory only." *Id.* at 399.

Defendant thereafter moved for resentencing on the ground that the trial court erred in treating the guidelines as mandatory, rather than advisory. The prosecutor opposed the motion, arguing that *Lockridge* did not apply because no judicial fact-finding was involved and thus the sentencing guidelines were mandatory as applied to defendant. The trial court disagreed and ruled that it would have imposed a materially different sentence had it not been constrained by the mandatory application of defendant's guidelines range at the time of sentencing. It therefore resentenced defendant and imposed a reduced sentence of 1 to 20 years' imprisonment.

Plaintiff argues on appeal that the trial court lacked the authority to resentence defendant because his original sentence was valid. See MCR 6.429(A). Plaintiff contends that because judicial fact-finding did not increase the floor of defendant's sentencing guidelines range, the guidelines were not unconstitutional as applied to defendant and the trial court properly sentenced him within the guidelines range at the original sentencing hearing.

This Court recently considered and rejected this same argument in *People v Rice*, ___ Mich App ___; ___NW2d ___ (2017) (Docket No. 329502). In that case, the defendant was sentenced shortly after *Lockridge* was decided. *Id.* at ___; slip op at 1. The guidelines recommended a minimum sentence range of 72 to 240 months and the scoring "did not involve any fact-finding." The trial court departed from the guidelines and imposed a minimum sentence of 48 months. *Id.* at ___; slip op at 1-2. "The prosecution argued that the trial court was mandated to apply the sentencing guidelines because Rice's case did not involve constitutionally impermissible judicial fact-finding and, therefore, *Lockridge* did not apply." *Id.* at ___; slip op at 2. This Court held that "the *Lockridge* Court rewrote MCL 769.34(2) and (3) without exception, rendering the guidelines advisory in all cases." *Rice*, ___ Mich App at ___; slip op at 2. Both *Lockridge* and *Rice* are precedentially binding and must be followed. *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011); MCR 7.215(J)(1). Because the trial court has authority to correct an invalid sentence, MCR 6.429(A), a sentence is invalid when it is based on a misconception of the law, *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997), and the trial court committed an error of law at the original sentencing hearing by treating the guidelines as mandatory rather than advisory, the trial court did not err in granting defendant's motion for resentencing.

Affirmed.

/s/ Michael J. Talbot
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello

-2-