# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ONIKA ADRENELLE-CANNON FIELDS,

        Defendant-Appellant.

UNPUBLISHED
April 3, 2018

No. 336241
Wayne Circuit Court
LC No. 15-008189-01-FC

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial convictions of involuntary manslaughter, MCL 750.321, and operating a vehicle with a suspended, revoked, or denied license causing death, MCL 257.904(4). Defendant was sentenced to 70 months to 15 years' imprisonment for involuntary manslaughter, and 70 months to 15 years' imprisonment for operating a vehicle with a suspended, revoked, or denied license causing death. We affirm.

Defendant argues that she is entitled to resentencing due to the trial court erroneously assessing 25 points under offense variable (OV) 3. We disagree.

To preserve a challenge to a defendant's sentencing guidelines scoring, the defendant "must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." MCL 769.34(10). Defendant did not challenge the scoring of OV 3 at sentencing, file a motion for resentencing in the trial court, or file a motion to remand in this Court. Therefore, the issue is not preserved for appellate review. This Court reviews unpreserved challenges to a defendant's sentence for plain error affecting defendant's substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004).

Points are assessed for OV 3 when there is a physical injury to a victim. MCL 777.33(1). Here, the trial court scored OV 3 at 25 points. Under this OV, 25 points is properly scored if a victim suffered a "[l]ife threatening or permanent incapacitating injury." MCL 777.33(1)(c).

On appeal, defendant concedes that our Supreme Court's decision in *People v Houston*, 473 Mich 399; 702 NW2d 530 (2006), is controlling and requires a score of 25 points under the circumstances of this case. Defendant instead claims that *Houston* was incorrectly decided and should be overturned for the reasons provided by the dissenting opinion in *Houston*. See *id.* at

-1-

410-417 (CAVANAGH, J. dissenting).  However, this Court is powerless to reverse the opinions of the Supreme Court.  See *People v Crockran*, 292 Mich App 253, 256; 808 NW2d 499 (2011) (stating that only the Supreme Court has the authority to overrule or modify its decisions). Indeed, we are "bound to follow decisions of our Supreme Court," *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011), even if we were to believe that such a decision was wrongly decided, *Crockran*, 292 Mich App at 256-257.  Given that defendant acknowledges that 25 points were properly scored under *Houston* for OV 3, she has not shown how this Court could do anything but affirm her sentence.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel