*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

v

MICHAEL GLENN PARKER,

     Defendant-Appellant.

UNPUBLISHED
January 30, 2020

No. 342890
Wayne Circuit Court
LC No. 17-003676-01-FH

Before: METER, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right his convictions by a jury of felon in possession of a firearm (felon-in-possession), MCL 750.224f; carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent terms of 5 years' imprisonment for the second-offense felony-firearm conviction and 18 months' probation each for the felon-in-possession and CCW convictions. We affirm.

## I. FACTS

On April 15, 2017, after police observed defendant standing on a public sidewalk with "the handle of a handgun sticking out of the small of his back with his shirt bunched up around it" police arrested defendant and charged him with felon-in-possession, CCW, and felony-firearm. On May 15, 2017, defendant pleaded not guilty to the charges. At the pretrial conference held on July 11, 2017, defendant informed the trial court that he wanted to be appointed substitute counsel, explaining:

> In regards to my innocence I would like to know can I get rid of my attorney because I feel like he's giving me ineffective counsel due to the fact that all the way up to this date I've been asking about motions. I've been asking can you send out investigators because it was a whole bunch of people on the block and they're all willing to come testify but every time it seems like I'm talking to him he just wants to just keep saying like ball me up like a piece of paper.

-1-

The trial court responded to defendant's request, stating:

> I'm sorry you feel that way. I know Mr. Parker he's a very busy person but he does a great job. You're welcome to hire whatever lawyer you want. But for now, Mr. Parker is your lawyer. And perhaps he hasn't sent an investigator out to serve subpoenas on your witnesses because we don't know when the trial date is yet. So, you just have to be patient and express this. You can hire whatever lawyer you want as long as that lawyer's available for trial on August 7th; that's fine.

## II. STANDARD OF REVIEW

We review a trial court's decision on a defendant's motion for the appointment of substitute counsel for an abuse of discretion. *People v McFall*, 309 Mich App 377, 382; 873 NW2d 112 (2015). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principal outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (quotation marks omitted).

## III. ANALYSIS

Defendant argues that he is entitled to a new trial because the trial court abused its discretion by not honoring defendant's request for substitute counsel. Defendant also contends that the trial court erroneously failed to engage in further inquiry regarding the reasons underlying defendant's request for new trial counsel. We disagree.

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right requires that counsel be appointed to an indigent defendant who requests legal counsel. *People v Jackson*, 483 Mich 271, 278; 769 NW2d 630 (2009). However, an indigent defendant is not entitled to have the lawyer of his or her own choosing. *People v Buie (On Remand)*, 298 Mich App 50, 67; 825 NW2d 361 (2012). Yet, a criminal defendant may be entitled to the appointment of substitute counsel upon a showing of good cause and if substitution will not unreasonably disrupt the judicial process. *Strickland*, 293 Mich App at 397. In *McFall*, this Court recited the principles regarding substitution of appointed counsel:

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Substitution of counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest. A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation

is insufficient. [*McFall*, 309 Mich App at 382-383 (quotation marks and citations omitted).]

Further, "[c]ounsel's decisions about defense strategy, including what evidence to present and what arguments to make, are matters of trial strategy, and disagreements with regard to trial strategy or professional judgment do not warrant appointment of substitute counsel." *Strickland*, 293 Mich App at 398.

Defendant argues that good cause supported his request for appointment of substitute counsel. At the pretrial conference, defendant expressed that he was dissatisfied because his attorney had failed to file any motions. However, "counsel's decision not to file the motions clearly falls within the categories of professional judgment and trial strategy that are matters entrusted to the attorney, and thus counsel's decision did not warrant appointing substitute counsel." *Traylor*, 245 Mich App at 463. Likewise, defendant's claim that counsel failed to investigate potential witnesses does not demonstrate good cause because trial counsel's "[d]ecisions regarding . . . whether to call or question witnesses are [also] presumed to be matters of trial strategy." *People v Solloway*, 316 Mich App 174, 189; 891 NW2d 255 (2016) (citation omitted).

Further, defendant's assertion that his attorney failed to investigate potential witnesses proved to be premature. First, defendant did not provide an affidavit at trial or in this appeal, identifying witnesses who were willing to testify, but not contacted, or how these unnamed witnesses would disprove the evidence in this case. Second, at trial, defense counsel called a witness to testify on defendant's behalf. The witness stated that before testifying, he had spoken to an investigator for defendant on the telephone. The investigator asked the witness to provide a written statement for the defense; however, the witness was unable to meet with the investigator because of his work schedule. The witness's testimony directly contradicts defendant's assertion that his attorney failed to honor his request to investigate witnesses regarding the matter. Further, defendant does not argue on appeal that his counsel provided ineffective assistance in this regard. Defendant's expression of general unhappiness and lack of confidence with his counsel, "unsupported by a substantial reason, does not amount to adequate cause" that justified substitution of counsel. *McFall*, 309 Mich App at 383. Because defendant's complaints amounted to a disagreement with regard to trial strategy or professional judgment, the trial court did not abuse its discretion when it denied defendant's request for substitute counsel. *Strickland*, 293 Mich App at 398.

Defendant also argues that he is entitled to a new trial because the trial court failed to conduct an adequate inquiry into the alleged breakdown of the attorney-client relationship. "[A] complete breakdown of the attorney-client relationship or disagreement over whether a particular line of defense should be pursued may justify appointing new counsel." *Buie (On Remand)*, 298 Mich App at 67 (quotation marks and citation omitted). "When a defendant asserts that his assigned lawyer is not adequate or diligent or asserts, as here, that his lawyer is disinterested, the judge should hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusion." *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973). However, a defendant's conviction should not be set aside "even in the absence of judicial consideration of the defendant's allegation, if the record does not show that the lawyer assigned to represent [the

defendant] was in fact inattentive to his [or her] responsibilities." *Buie (On Remand)*, 298 Mich App at 67 (quotation marks and citation omitted).

At the pretrial conference, defendant asserted that his counsel failed to file motions, investigate witnesses, and that when he attempted to talk to his attorney, it seemed like "he just want[ed] to keep saying like ball me up like a piece of paper." The trial court did not conduct an inquiry into defendant's complaint but explained the prematurity of defendant's complaints in light of the procedural status of the case. At most, defendant's statement reflects a communication issue with his counsel but it does not support defendant's contention that his counsel failed to attend to defendant's case. The record reflects that defense counsel diligently represented his client. Before trial, defense counsel sent an investigator to interview potential witnesses. Defense counsel cross-examined the prosecution's witnesses at the preliminary examination and at trial. Defense counsel also called a witness to testify on defendant's behalf. Because the "record does not show that the lawyer assigned to represent [the defendant] was in fact inattentive to his [or her] responsibilities," the trial court did not abuse its discretion by denying defendant's request for substitution of counsel. *Buie (On Remand)*, 298 Mich App at 67 (quotation marks and citation omitted). Defendant has failed to establish that good cause existed justifying substitution of his trial counsel. Accordingly, defendant's convictions will not be set aside and he lacks entitlement to a new trial.

Affirmed.

/s/ Patrick M. Meter
/s/ Karen M. Fort Hood
/s/ James Robert Redford