*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 20, 2020

Plaintiff-Appellee,

v

No. 345131
Wayne Circuit Court
LC No. 17-008393-01-FC

DAVID ROBERTS,

Defendant-Appellant.

Before: GLEICHER, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

A jury convicted defendant of felon in possession of a firearm (felon-in-possession), MCL 750.224f, felonious assault, MCL 750.82, two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and reckless or wanton use of a firearm, MCL 752.863a. Defendant's convictions arise from a September 5, 2017 incident during which he aimed a weapon at another and fired several shots in the air and at an unoccupied vehicle. Defendant's sole claim on appeal is that insufficient evidence supported his convictions because the witnesses against him provided incredible testimony. We affirm.

## I. BACKGROUND

Defendant and the witnesses against him were all neighbors on Sunset Street in the city of Detroit. On the morning of September 5, 2017, defendant drove his neighbor Jeffrey Flanders to run some errands. While the men were out, defendant offered Flanders a drink of liquor, but Flanders declined.

Later in the day, defendant accused Flanders of lacing defendant's alcohol with some substance. The two argued, but parted ways. After 9 p.m. that evening, however, defendant reignited the dispute. Defendant exited his home and approached a van parked in the street. Marcus Gilbert and James Elliott were sitting inside the van and Flanders stood outside the passenger side speaking to the men. Defendant approached the driver's side carrying a "Draco" assault rifle. Defendant put the rifle through the open driver's side window to fire a shot toward Flanders. The safety was on, however, and the gun did not fire. Defendant pulled the gun back, disengaged the safety, and fired a shot in the air. He then chased Flanders around the van. Flanders

was eventually able to escape. Gilbert and Elliott exited the van during the chase and tried to calm defendant.

Defendant then turned his sights on Gilbert, whom he claimed had stolen money from him. Defendant grabbed Gilbert by the neck, pushed him against a fence, and placed the gun to Gilbert's head. Defendant threatened to "shoot up the house . . . [a]nd kill everyone." Gilbert managed to escape by promising to collect some money from inside the house. Once inside, he called 911. Gilbert's daughter had also contacted 911 while she hid in a closet inside the house. Neither Gilbert nor his daughter identified defendant during the calls, but both reported that an armed man had fired shots outside the home.

Once Gilbert was inside, defendant approached Elliott and told him to "drop everything." Elliott relinquished his cell phone, money, and marijuana and ran away. At some point during this encounter, defendant fired several rounds at the unoccupied van.

When the police arrived sometime around 10 p.m., they could not locate any shell casings in the area. The next day, however, a relative found a bullet cartridge in the grass next to the driveway. Police identified it as a "583" but conducted no testing to determine if it could be fired from a "Draco" rifle.

In connection with these events, a jury acquitted defendant of armed robbery and an underlying felony-firearm charge, but convicted him of several counts as previously noted.

## II. SUFFICIENCY OF THE EVIDENCE

On appeal, defendant contends that the prosecution failed to present sufficient evidence to support his convictions. Specifically, defendant asserts that the only bullet cartridge found at the scene could not be shot from the type of gun described by the witnesses. Therefore, the witnesses' testimony that defendant fired several shots was incredible.

We review de novo a challenge to the sufficiency of the evidence, "viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). We must "draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "It is the province of the jury to . . . assess the credibility of witnesses"; "the jury is the final judge of credibility." *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998) (quotation marks and citation omitted).

To support a defendant's conviction, the prosecution is not required to present physical evidence and may rely completely on eyewitness testimony. See *People v Newby*, 66 Mich App 400, 405; 239 NW2d 387 (1976) ("Counsel for defendant vigorously and earnestly contends that, in the fact of the absence of any other physical evidence linking defendant to the crime, the complainant's eyewitness testimony alone is not sufficient evidence upon which to base a conviction. We disagree. A complainant's eyewitness testimony, if believed by the trier of fact, is sufficient evidence to convict."). Indeed, "possession [of a weapon] is a question of fact for the trier of fact and can be proved by circumstantial evidence and reasonable inferences arising from

-2-

the evidence" standing alone. *People v Strickland*, 293 Mich App 393, 401; 810 NW2d 660 (2011).

Three separate witnesses indicated that defendant possessed a gun and aimed it directly at Flanders. Gilbert, Elliott, and Flanders all testified that defendant fired the weapon into the air. One testified that defendant pointed the weapon at Gilbert's head, and another testified that defendant fired several shots at the van. Although Gilbert's daughter could not identify the shooter, she informed a 911 operator that she heard several shots fired outside her home. This evidence standing alone was sufficient to support defendant's convictions. The prosecution was not required to prove that the firearm would have ejected shell casings or how any shell casings disappeared from the area. The prosecution also was not required to prove that the bullet cartridge found the next day came from defendant's weapon, and if not, to identify its source. The jury was entitled to credit the witness testimony and based on that information alone, convict defendant.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Anica Letica