# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CLIFTON SHARY-SHMORREE-L
WITHERSPOON,

        Defendant-Appellant.

UNPUBLISHED
February 28, 2017

No. 329964
Kent Circuit Court
LC No. 15-001542-FC

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of perjury, MCL 767A.9(1)(b). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises from a homicide that occurred near the Chicken Coop restaurant in Grand Rapids, Michigan in the early morning hours of September 21, 2013. On that date, Rick Hammond was killed when he suffered four gunshot wounds to his abdomen, lower back, upper leg and the base of his thumb. An autopsy revealed that the lethal shots had been fired from close range. An investigative subpoena was obtained by police and defendant was interviewed on September 11, 2014. While under oath, defendant stated that he went to the Chicken Coop restaurant once the night of the slaying. Defendant also told police that he was driven to the "Cocktailz Bar" by a person named "Trenton" in a black Malibu. Defendant also informed police during the interview that on the day and night in question he had been drinking and smoking marijuana such that he was "high as hell." According to other witnesses, defendant's testimony was not truthful so he was charged with perjury in violation of MCL 767A.9(1)(b) and as a fourth-offense habitual offender in violation of MCL 769.12.

Prior to trial, defendant wrote notes to trial judges in Kent County initially complaining, among other things, that his trial counsel and the prosecutor had provided him with transcripts on

-1-

the proceedings in the underlying murder trial.[1] Defendant contended that he should not be in possession of those materials and as such, he was essentially complaining that he had received too much information from his trial counsel.

Defendant, through counsel, brought a motion to quash the Amended Information. The trial court denied the motion. Then, on July 6, 2015, a brief hearing was held during which the trial was adjourned for a later date. At the hearing, defendant addressed the trial court, stating, "Your Honor, can I address the Court, please?" The trial court responded, "No, you can't," and then defendant stated, "I don't want him representing me." The trial court responded, "Okay. All right. Hold on a second. I'll listen to him for a moment." Defendant then stated as follows: "This attorney, I don't know what it is, and I don't know what's the problem with the—the [assistant prosecuting attorney], here. But he—he has not brought me my discovery. He got like, six or seven other investigative subpoenas—[.]" The trial court asked defendant what he had in his hand, and defendant indicated it was part of the discovery. The trial court stated that then the prosecutor had actually given defendant discovery and that defendant was lying to the court. Defendant responded, stating as follows:

> He hasn't given me full discovery. He keep tellin' me he got witnesses transcripts, and I said, well, we got trial today. And it was a couple witnesses on the witness list that he was supposed to call. I don't even know what they testified to or said because I don't have their transcripts. So—

The trial court responded, "All right. Just a second, sir. I've heard enough. I'm not going to excuse [trial counsel]. He's a very experienced attorney." Defendant insisted that he did not want defense counsel to represent him, but the trial court concluded that it was "not going to excuse him" because it did not "see a basis for that," and the case was "going to be adjourned for only a couple of weeks." The trial court indicated that a substitution of counsel at that point in the case would be a delay that the trial court was not going to cause. The trial court instructed defense counsel to provide defendant with copies of anything he had not yet provided to defendant and concluded the hearing. Thereafter, a trial was held and the jury found defendant guilty of perjury. Defendant was sentenced as previously stated, and he appeals as of right.

## II. ANALYSIS

On appeal, defendant argues that the trial court abused its discretion by denying his request for substitution of counsel without making adequate inquiry regarding disagreement between defendant and defense counsel. This Court reviews this preserved claim for an abuse of discretion. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011). "A trial court

---

[1] Additionally, defendant contended, among other things, that the assistant prosecutor had conspired with his trial counsel to deprive defendant of his constitutional rights. Defendant additionally asked that the trial court place hold both counsel in contempt. Lastly, defendant informed the trial judges that he was planning to file a multi-million dollar lawsuit against Kent County.

abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008).

"The Sixth Amendment provides that the accused in a criminal prosecution 'shall enjoy the right . . . to have the Assistance of counsel for his defence.' " *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004), quoting US Const, Am VI. However, a defendant in a criminal case has only a limited right to challenge the appointed defense counsel:

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991) (citations omitted).]

The presence of circumstances justifying good cause depend on the individual facts in each case. *People v Buie*, 298 Mich App 50, 67; 825 NW2d 361 (2012).

"When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *Strickland*, 293 Mich App at 397 (citation and quotation marks omitted). However, good cause for substitution of counsel does not exist merely because a defendant is generally unhappy with the appointed attorney's representation or because a defendant lacks confidence in the appointed attorney without substantial reason. *Id.* at 398. Furthermore, "a defendant's conviction will not be set aside, even in the absence of judicial consideration of the defendant's allegation, if 'the record does not show that the lawyer assigned to represent [the defendant] was in fact inattentive to his [or her] responsibilities.' " *Buie*, 298 Mich App at 67, quoting *People v Ginther*, 390 Mich 435, 442; 212 NW2d 922 (1973).

In this case, defendant argues that the trial court should have conducted a more exhaustive inquiry at the July 6, 2015 hearing. Therefore, defendant's claim on appeal does not concern whether trial counsel was effective, but rather whether the trial court erred by not making more factual findings regarding defendant's claim for a different attorney. We find defendant's claims, however they are presented, meritless.

When defendant was writing trial judges in Kent County his complaint was that he was given transcripts of proceedings to which he had no right to possess. In short, he claimed he had acquired too much information. Then, as his trial date loomed, defendant told the trial judge that he did not have enough information. The trial judge had this very information in front of him at the time he made his decision to deny defendant's request for a different attorney. As this Court has previously held, substitution of counsel is only warranted upon a showing of good cause. *Mack*, 190 Mich App at 14. General unhappiness or lack of confidence in defense counsel by defendant is not enough for a showing of good cause. *Strickland*, 293 Mich App at 398. When

defendant asserted that he wanted a substitution of counsel, the trial court in this case did have a duty to hear defendant's claim, and make and findings if there was a factual dispute. *Id.* at 397. Here, though, defendant did not present a factual dispute, he did not allege good cause for substitution of counsel, and in fact he only minimally addressed defense counsel's actions in representing him as a basis for his claim—he instead accused the prosecution of not providing as much discovery material as it should have. Hence, when defendant was given the opportunity to explain to the trial court why a different attorney should be appointed for him, he complained about what he perceived as the prosecution and defense counsel's failure to provide him with all the documents that he believed he should have received. That claim simply did not present good cause for substitution of counsel or call for any kind of further factual inquiry into a dispute between defendant and defense counsel, especially after defendant admitted that he had in fact received discovery materials. Therefore, the trial court did not abuse its discretion by denying defendant's request for substitution of counsel. *Strickland*, 293 Mich App at 397.[2]

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly

---

[2]To the extent defendant seemingly argues that his complaints against defense counsel were more fully addressed in letters that he wrote to the trial court, we find this contention also without merit. Defendant claimed in the letters that defense counsel should have cited cases in his motion to quash, but such an assertion does not support defendant's claim for substitution of counsel. In sum, none of the issues raised on appeal represented a legitimate difference of opinion with regard to a fundamental trial tactic. Instead, these complaints, at best, represented nothing more than general unhappiness or lack of confidence in defense counsel by defendant, which was not enough for a showing of good cause. *Strickland*, 293 Mich App at 398. Additionally, even if there were an absence of judicial consideration of defendant's claims in this case, the trial court's decision should be affirmed because the record does not show that defense counsel was in fact inattentive to his responsibilities. *Buie*, 298 Mich App at 67. The record demonstrates that defense counsel raised appropriate pretrial motions, presented arguments to the trial court and jury, cross-examined witnesses, raised proper objections, moved for a directed verdict, and otherwise appropriately preformed his duties representing defendant.