*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

CLINTON WILLIE BROOKS,

        Defendant-Appellant.

UNPUBLISHED
April 2, 2020

No. 333279
Macomb Circuit Court
LC No. 2015-003263-FC

## ON REMAND

Before: METER, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

This case returns to this Court on remand[1] from our Supreme Court for a determination of whether *People v Beck*, 504 Mich 605; ___ NW2d ___ (2019), applies to defendant's challenge to offense variable (OV) 11, and, if so, to reconsider our prior judgment concerning OV 11 in light of *Beck*. In our prior opinion, in relevant part, we affirmed the trial court's use of acquitted conduct[2] to support the assessment of 25 points for OV 11. *People v Brooks*, unpublished per curiam opinion of the Court of Appeals, issued February 15, 2018 (Docket No. 333279), pp 11-13. We conclude *Beck* applies to this case because the trial court considered defendant's acquitted conduct, namely the penetration of MH, in sentencing defendant. Accordingly, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

As is relevant to this case, defendant was initially charged with first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a), and second-degree criminal sexual conduct (CSC-II),

---

[1] *People v Brooks*, ___ Mich ___; 935 NW2d 320 (2019).

[2] Just as the majority in *Beck*, 504 Mich at ___; slip op at 2 n 1, we use the term "acquitted conduct," as opposed to the dissent's preferred term of "conduct underlying an acquitted charge," *id*. at ___; slip op at 4 n 2 (CLEMENT, J., dissenting).

MCL 750.520c(1)(a), for the sexual abuse of defendant's nine-year-old niece, MH. At trial, MH testified that "defendant touched her in her vaginal area, over her clothing, while she was on the living-room couch." *Brooks*, unpub op at 1. Further, "[L]ater that same day, as [MH] was partially asleep on the couch, she discovered that her pants and underwear had been pulled down, and that defendant had placed his finger in her buttocks." *Id*. The jury convicted defendant of CSC-II for touching MH's vaginal area over her clothing, but acquitted defendant of CSC-I for the alleged digital penetration of MH's buttocks.

At sentencing, defendant argued that OV 11 should not be assessed any points because the sentencing offense, CSC-II, did not require a finding of penetration. The prosecution argued that the trial court was permitted to assess 25 points under OV 11 if the trial court found, by a preponderance of the evidence, that defendant penetrated MH. The trial court agreed with the prosecution, and assessed 25 points for OV 11. Defendant's total OV score was 55 points, placing him in OV Level V (50 to 74 points). The trial court sentenced defendant, as a second habitual offender, MCL 769.10, to 120 to 180 months' imprisonment.

In the original appeal, defendant raised several alleged errors, including a challenge to the trial court's assessment of 25 points for OV 11. An assessment of 25 points for OV 11 is proper where there is evidence of a criminal sexual penetration. MCL 777.41(1)(b). We determined that the assessment of 25 points was proper because the digital penetration had a connective relationship to the sexual contact of the CSC-II sentencing offense. *Brooks*, unpub op at 12-13. Additionally, we determined that it was proper for the trial court to use the underlying facts of the acquitted CSC-I charge because, in pertinent part, "scoring decisions need not be consistent with the jury's verdict, because controverted factual assertions underlying the scoring of the guidelines need only be proven by a preponderance of the evidence." *Id*. at 13. Defendant appealed to our Supreme Court, which remanded for consideration of the trial court's scoring of OV 11 in light of *Beck*.[3] *Brooks*, ___ Mich at ___; 935 NW2d 320 (2019).

## II. ANALYSIS

In *Beck*, a jury convicted the defendant of felon in possession of a firearm (felon-in-possession) and carrying a firearm during the commission of a felony (felony-firearm), but acquitted the defendant of open murder, carrying a firearm with unlawful intent, and two additional counts of felony-firearm attendant to those charges. *Beck*, 504 Mich at ___; slip op at 3. The minimum sentencing guidelines range for the defendant's felon-in-possession conviction was 22 to 76 months, but the trial court sentenced the defendant to 240 to 400 months. *Id*. In a lengthy explanation, the trial court stated that, although the jury concluded that there was not proof beyond a reasonable doubt that the defendant committed the murder, the trial court found there was a preponderance of the evidence that defendant did commit the murder. *Id*. at ___; slip op at 3-4.

---

[3] Our Supreme Court's remand order vacated Part V.A. of our prior judgment, which only addressed the scoring of OV 11. Accordingly, we will only address our prior opinion to the extent that it is implicated by *Beck*, leaving our analysis and conclusions intact on the remainder of the issues defendant raised in his first appeal.

The defendant appealed, challenging his sentence on the basis that the trial court's reliance on the defendant's conduct underlying the acquitted murder charge violated his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution. *Id*. at ___; slip op at 6. Our Supreme Court agreed, holding that "[o]nce acquitted of a given crime, it violated due process to sentence the defendant as if he committed that very same crime." *Id*. at ___; slip op at 2. This holding was grounded in a defendant's presumption of innocence:

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. "To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself." [*State v*] *Marley*, 321 NC [415,] 425[; 364 SE2d 133 (1988)]. [*Beck*, 504 Mich at ___; slip op at 18-19 (footnotes omitted).]

Here, our Supreme Court remanded this case for a determination of whether *Beck* applies to defendant's challenge to the scoring of OV 11. At first blush, it appears that *Beck* readily applies: the trial court sentenced defendant using defendant's acquitted conduct of penetration; therefore, the trial court violated defendant's right to due process because it sentenced defendant as if defendant committed CSC-I. However, our Supreme Court specifically conditioned the prohibition of using acquitted conduct during sentencing on the jury's findings: "[W]hen a jury has *specifically determined* that the prosecution has not proven beyond a reasonable doubt that a defendant *engaged in certain conduct*, the defendant continues to be presumed innocent." *Id*. at ___; slip op at 18-19. Thus, it is evident that *Beck*'s prohibition on using acquitted conduct at sentencing is only limited to conduct underlying one or more elements of a crime upon which the defendant was acquitted.

The jury convicted defendant of CSC-II for sexual contact with a person under 13 years of age. Thus, the jury determined there was proof beyond a reasonable doubt that defendant engaged in sexual contact with MH and that MH was under 13 years of age. MCL 750.520c(1)(a). The jury acquitted defendant of CSC-I for sexual penetration with a person under 13 years of age. Thus, the jury determined that the prosecution failed to prove beyond a reasonable doubt that either (1) defendant sexually penetrated MH, or (2) MH was under 13 years of age. MCL 750.520b(1)(a). The only difference between defendant's CSC-II conviction and CSC-I acquittal is the action of contact versus penetration. Accordingly, it is clear that the jury concluded that the prosecution failed to establish defendant's penetration of MH beyond a reasonable doubt.[4]

---

[4] It could be argued that the jury acquitted defendant of the CSC-I charge because, although defendant penetrated MH, she was not 13 years old at the time. However, we believe the jury's acquittal of the CSC-I charge was clearly premised on the prosecution's failure to establish

*Beck* applies here because the jury specifically determined that the prosecution did not prove beyond a reasonable doubt that defendant penetrated MH. *Beck*, 504 Mich App at ___; slip op at 18-19. Accordingly, the trial court could not properly consider this acquitted conduct while sentencing defendant. However, the trial court assessed 25 points for OV 11 because the trial court believed there was a preponderance of the evidence that defendant penetrated MH. Consistent with *Beck*, the trial court violated defendant's due process rights by considering acquitted conduct in sentencing defendant.

In coming to this conclusion, we are cognizant of Justice Clement's dissent in *Beck*. The dissent argued a trial court could consider acquitted conduct at sentencing because a jury's acquittal meant that "the jury held a reasonable doubt as to the defendant's guilt of that crime, not that the underlying conduct did not occur." *Beck*, 504 Mich App at ___; slip op at 3-4 (CLEMENT, J., dissenting) (footnotes omitted). Moreover, the dissent criticized the majority's determination that using acquitted conduct at sentencing was akin to sentencing the defendant for the acquitted charge. *Id*. at ___; slip op at 5. Instead, the dissent posed a hypothetical to illustrate that a trial court may consider acquitted conduct to increase a defendant's sentence, provided the increased sentence did not exceed two-thirds of the statutory maximum sentence for the sentencing conviction:

> The presumption of innocence only prevents the trial court from sentencing the defendant as if he had been convicted of murder, which carries a maximum penalty of life imprisonment. As long as the trial court imposes a sentence within the 15-year statutory maximum of second-degree home invasion[, MCL 750.110a(6)] whose minimum does not violate MCL 769.34(2)(b), it is inaccurate to say that the defendant was sentenced as if he had committed murder. [*Id*. at ___; slip op at 5-6.]

Notwithstanding the dissent's hypothetical, we are bound to follow the majority's decision that a trial court's consideration of acquitted conduct at sentencing violates a defendant's due process rights. *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011).

At sentencing, defendant's total OV score was 55 points, placing him in OV Level V (50 to 74 points). In defendant's first appeal, we determined that the trial court erroneously assessed 10 points for OV 13, which lowered defendant's total OV score to 45 points.[5] *Brooks*, unpub op

penetration beyond a reasonable doubt, as opposed to failing to establish that MH was under 13 years of age. This conclusion is reinforced by defendant's CSC-II conviction, which required the jury to find that MH was under 13 years of age at the time of the sexual contact, which, according to MH's trial testimony, occurred on the same day as the alleged sexual penetration.

[5] We note that in our prior opinion, we concluded that the trial court erred by used the CSC-I charge to score both OV 11 and OV 13. *Brooks*, unpub op at 13-14, citing MCL 777.43(2)(c) ("[T]he instructions for OV 13 state that conduct used to score OV 11 may not also be used to score OV 13, except in circumstances not applicable here."). Because we now hold that the trial court cannot use defendant's acquitted conduct in scoring OV 11, it would appear that the trial

at 13-14. A further 25-point reduction would lower defendant's total OV score to 20 points, placing him in OV Level II (10 to 24 points). MCL 777.64. These scoring changes reduce defendant's minimum sentencing guidelines range from 50 to 125 months (defendant's original minimum sentencing guidelines rage) to 43 to 107 months (defendant's minimum sentencing guidelines range after the first appeal) to 29 to 71 months, including the sentencing enhancements because of defendant's second habitual offender status. MCL 769.10(1)(a); MCL 777.64. Because the scoring error involving OV 11 affected defendant's minimum sentence range, remand for resentencing is required. *People v Francisco*, 474 Mich 82, 88-92; 711 NW2d 44 (2006). Therefore, we vacate defendant's sentence and remand for resentencing consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Jonathan Tukel
/s/ James Robert Redford

---

court could use the acquitted conduct in scoring OV 13. See MCL 777.43(2)(a) (emphasis added) ("For determining the appropriate points under [OV 13], all crimes within a 5-year period, including the sentencing offense, shall be counted *regardless of whether the offense resulted in a conviction*."). However, this statutory requirement is at odds with *Beck*, which prohibits a trial court from considering acquitted conduct at sentencing. *Beck*, 504 Mich at ___; slip op at 2. We are unable to further comment on or discuss the tension between *Beck* and MCL 777.43(2)(a) because our Supreme Court's remand order specifically ordered this Court to only consider defendant's challenge to OV 11. *Brooks*, ___ Mich at ___; 935 NW2d 320 (2019). See *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012) ("When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order."). Thus, our prior conclusion regarding OV 13 must stand.