*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FREDDIE LEE ARCHIE,

        Defendant-Appellant.

UNPUBLISHED
August 29, 2024

No. 361232
Wayne Circuit Court
LC No. 18-009388-01-FH

Before: MURRAY, P.J., and BORRELLO and MARIANI, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his jury trial convictions of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), carrying a concealed weapon, MCL 750.227, being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to five years' imprisonment for his felony-firearm conviction and one year of probation for assaulting, resisting, or obstructing a police officer, carrying a concealed weapon, and felon-in-possession. We affirm.

## I. SUBSTITUTION OF COUNSEL

"A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (quotation marks and citations omitted). "[F]indings of fact are reviewed for clear error." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted).

---

[1] *People v Archie*, unpublished order of the Court of Appeals, entered September 1, 2022 (Docket No. 361232).

An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*Strickland*, 293 Mich App at 397 (quotation marks and citations omitted).]

Defendant asserts that the breakdown in his relationship with defense counsel resulted from a disagreement over whether to call certain witnesses at trial. This type of disagreement is characterized as a matter of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Disagreements over matters of trial strategy, "including what evidence to present and what arguments to make," are insufficient to constitute grounds for substitution of counsel because they do not concern fundamental trial tactics. *Strickland*, 293 Mich App at 398. Since the disagreement between defense counsel and defendant did not concern a fundamental trial tactic, defendant failed to demonstrate there was good cause to substitute counsel. *Id*. at 397-398.

Even if defendant could have demonstrated there was good cause for the substitution, the trial court did not abuse its discretion by denying defendant's motion to substitute counsel because substitution would have unreasonably delayed the judicial process. In *Strickland*, this Court held that substitution of the defendant's counsel would have unreasonably disrupted the judicial process because the defendant waited until the day of trial to request new counsel, when the jury and witnesses were present *Id*. at 399. Here, defendant also waited until the day of trial to request substitute counsel, though he alleged that he decided he wanted new representation a month earlier. As in *Strickland*, substituting counsel on the morning of trial would have unreasonably disrupted the judicial process, especially since the prosecution was prepared to call three police officers as witnesses and there was already a group of jurors assembled for trial. The trial court found that substituting trial counsel would have unreasonably disrupted the judicial process, and defendant does not challenge that finding on appeal or attempt to demonstrate that it was clearly erroneous. Importantly, the trial court denied defendant's motion to substitute counsel before defendant raised a witness issue which resulted in an adjournment, and defendant did not renew the motion. Based on the foregoing, we conclude that defendant failed to demonstrate that the trial court abused its discretion when it denied his motion to substitute counsel.

## II. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that he was denied the effective assistance of counsel when defense counsel failed to move for suppression of evidence gathered from an illegal search. We conclude that defendant failed to establish that he was denied the effective assistance of counsel because he did not provide factual support demonstrating defense counsel's performance was deficient.

"A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *Isrow*, 339 Mich App at 531 (quotation marks and citation omitted). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Clear error exists where the reviewing

court is left with a "definite and firm conviction" that the lower court made a mistake. *Isrow*, 339 Mich App at 531 (quotation marks and citation omitted). Where no *Ginther*[2] hearing has been conducted, our review is limited to mistakes apparent on the record. *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018).[3]

Defendant's ineffective-assistance argument turns on whether a motion to suppress would have been appropriate and beneficial. A criminal defendant has the right to a fair trial which includes the right to effective assistance of counsel. *Isrow*, 339 Mich App at 531. "Trial counsel is ineffective when counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (quotation marks and citation omitted). "Trial counsel's performance is presumed to be effective, and defendant has the heavy burden of proving otherwise." *Id.* "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51-52; 826 NW2d 136 (2012). "If counsel's strategy is reasonable, then his or her performance was not deficient." *Isrow*, 339 Mich App at 532 (quotation marks and citation omitted). "There is a strong presumption that trial counsel's decision-making is the result of sound trial strategy." *Id.* "A deficiency prejudices a defendant when there is a reasonable probability that but for trial counsel's errors, the verdict would have been different." *Id.*

Defendant argues that defense counsel was ineffective for failing to move to suppress the evidence gained from the search—namely, the gun—because the police officers lacked the requisite suspicion to detain and search defendant. "Both the United States Constitution and the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures." *People v Pagano*, 507 Mich 26, 31-32; 967 NW2d 590 (2021). "Even a brief traffic stop constitutes a seizure of a vehicle's occupants." *Id.* at 32. "However, a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Id.* (quotation marks and citation omitted). "A brief, on-the-scene detention of an individual is not a violation of the Fourth Amendment as long as the officer can articulate a reasonable suspicion for the detention." *Id.* (quotation marks and citation omitted). "Colloquially, a brief detention of this sort is referred to as a *Terry*[4] stop. Whether an officer has reasonable and articulable suspicion to briefly detain an individual is a fact-specific inquiry that is determined on a case-by-case basis." *Id.* "A determination regarding whether a reasonable suspicion exists must be based on commonsense judgments and inferences about human behavior." *Id.* (quotation marks and citation omitted). "Although reasonable and articulable suspicion is a lesser showing than probable cause, it still entails something more than an inchoate or unparticularized suspicion or

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Defendant filed a motion to remand for an evidentiary hearing, but as discussed later, he has not identified, and we do not see, any reason why such a hearing would be needed to resolve his claims.

[4] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

hunch, because an officer must have had a particularized and objective basis for the suspicion of criminal activity." *Id*. (quotation marks and citation omitted).

Officer Gunther received a police dispatch around 2:40 a.m. indicating that a black male was standing in the front yard of a Kenmoor address firing a gun into another house. When Officer Gunther arrived at the scene, he spotted defendant, a black male, standing in the front yard of the Kenmoor address. Officer Gunther ordered defendant to stop, but defendant ignored Officer Gunther and proceeded to get into a vehicle parked in the driveway of the Kenmoor address and lock the doors to the vehicle. Two other people were in the vehicle with defendant. Officer Gunther ordered defendant to keep his hands visible while he was in the vehicle, but Officer Gunther saw him keep moving his hands out of sight and down toward his hips, as if reaching for something hidden. Officers repeatedly directed defendant to unlock and exit the vehicle, but defendant and the other occupants of the vehicle refused.

Officer Gunther had reasonable suspicion that defendant was engaged in criminal activity because his physical appearance matched the description of the shooter and Officer Gunther saw defendant standing where the shooter was reportedly standing while he was shooting. This description match gave Officer Gunther a particularized and objective basis to suspect defendant was engaged in criminal activity. That this occurred at 2:40 a.m., a time where it is unusual for someone to be standing alone in a yard, lends further support to the conclusion that Officer Gunther had reasonable suspicion to detain defendant. Officer Gunther had more than just an inchoate or unparticularized suspicion or hunch. Therefore, Officer Gunther had reasonable suspicion that defendant was engaged in criminal behavior and was permitted to detain defendant.

Next, we must consider whether Officer Crechiolo's search of defendant's person was justified. "An officer who makes a valid investigatory stop may perform a limited patdown search for weapons if the officer has reasonable suspicion that the individual stopped for questioning is armed and thus poses a danger to the officer." *People v Williams*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365299); slip op at 4 (quotation marks and citation omitted), lv pending. Defendant's suspicious behavior after spotting Officer Gunther and while inside the vehicle, paired with the fact that there was reasonable suspicion to believe defendant was the shooter, created reason to believe that defendant was armed and dangerous. See *People v Custer*, 465 Mich 319, 328; 630 NW2d 870 (2001) ("The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.") (quotation marks and citation omitted); see also *People v Steele*, 292 Mich App 308, 315; 806 NW2d 753 (2011) ("[D]eference should be given to the experience of law enforcement officers and their assessments of criminal modes and patterns.") (citation omitted). Therefore, Officer Crechiolo had the requisite suspicion to search defendant's person. Defendant's repeated refusal to voluntarily unlock and exit the vehicle made it necessary for the police officers to break the windows and unlock the vehicle doors in order to search defendant for weapons. Indeed, based on the totality of the circumstances, there was probable cause by that time to arrest defendant, see, e.g., *People v Chapo*, 283 Mich App 360, 368; 770 NW2d 68 (2009), and defendant's actions left no other way of getting him out of the vehicle. On this record, we cannot conclude defendant was subject to an unreasonable search or seizure. See *People v Hughes*, 506 Mich 512, 524; 958 NW2d 98 (2020) (explaining that the touchstone of the Fourth Amendment protections against unreasonable

searches and seizures is reasonableness). Accordingly, recovery of the gun did not result from an illegal search.

Briefly, defendant raises the argument that the search was unlawful because he was within the curtilage of a home, entitling him to greater Fourth Amendment protection. However, the heightened curtilage protections guaranteed by the Fourth Amendment apply to an individual's own property or a residence where they have a reasonable expectation of privacy. See *People v DeRousse*, 341 Mich App 447, 454-455; 991 NW2d 596 (2022). The record does not indicate that defendant lived at the Kenmoor address or had a reasonable expectation of privacy while located at that address. Therefore, defendant failed to establish the requisite factual basis to successfully advance this claim, see *People v Solloway*, 316 Mich App 174, 189; 891 NW2d 255 (2016), and defense counsel's performance was not deficient when she failed to move to suppress evidence of the gun. See *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015) ("[C]ounsel is not ineffective for failing to raise meritless or futile objections.").

Defendant also argues that defense counsel's performance was deficient when she failed to present witnesses on defendant's behalf. The decision to call witnesses is a matter of trial strategy. *Payne*, 285 Mich App at 190. "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *Id*. (citation omitted). "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *Id*. (citation omitted).

According to defendant, his counsel's performance was necessarily deficient because she did not call any defense witnesses. Defendant asserts that there were two witnesses that would have corroborated his testimony, but he does not state who they were or provide any proof that they would have provided favorable testimony. Put differently, defendant failed to allege facts indicating defense counsel's failure to call these witnesses was objectively unreasonable. See *Isrow*, 339 Mich App at 531 ("Trial counsel's performance is presumed to be effective, and defendant has the heavy burden of proving otherwise."); *Solloway*, 316 Mich App at 189 (holding defendants have the burden of establishing the factual predicate underlying a claim of ineffective assistance of counsel). Accordingly, defendant failed to establish that defense counsel's performance was deficient when she failed to call any witnesses on defendant's behalf.

Similarly, without any offer of proof revealing the nature of the missing testimony, defendant cannot demonstrate there was a reasonable probability that the outcome of his trial would have been different if those witnesses testified. *People v Haynes*, 338 Mich App 392, 430; 980 NW2d 66 (2021). Therefore, defendant was not denied the effective assistance of counsel when defense counsel failed to call witnesses.

## III. STANDARD 4 BRIEF

In his Standard 4 brief, defendant argues that the trial court abused its discretion by denying his motion for an evidentiary hearing or new trial. We conclude that the trial court did not abuse its discretion when it denied defendant's motion for an evidentiary hearing or new trial because defendant failed to demonstrate good cause to substitute counsel and failed to establish the he was denied the effective assistance of counsel.

A trial court's decision on a motion for an evidentiary hearing and new trial is reviewed for an abuse of discretion. *People v Craig*, 342 Mich App 217, 225-226; 994 NW2d 792 (2022). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable outcomes." *Craig*, 342 Mich App at 226 (quotation marks and citation omitted).

"Under MCR 6.431(B), a trial court may grant a defendant's motion for a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice." *People v Rogers*, 335 Mich App 172, 192; 966 NW2d 181 (2020) (quotation marks omitted). Defendant's motion for a new trial addressed whether the trial court erred by denying defendant's motion to substitute counsel and whether defendant was denied the effective assistance of counsel when defense counsel failed to move to suppress evidence from an illegal search. This issue is likewise premised on those two arguments. The trial court did not abuse its discretion when it denied defendant's motion for a new trial because, as discussed earlier, the issues defendant raised in his motion for a new trial were meritless. Accordingly, defendant is unable to demonstrate that either issue supported appellate reversal of his conviction or produced a verdict which resulted in a miscarriage of justice.

Specifically, defendant asserts he was entitled to substitute defense counsel because she would not call the witnesses he wanted. Defendants must demonstrate good cause in order to substitute their court-appointed attorney. *Strickland*, 293 Mich App at 397. A difference of opinion over the presentation of witnesses falls short of this standard. *Id*. at 397-398. Defendant also asserts that the trial court necessarily abused its discretion in denying his motion because, in reaching that decision, the trial court relied on its erroneous factual finding that the police officers had the requisite suspicion to search defendant. Defendant asserts that the trial court improperly used this erroneous finding to support its conclusion that defense counsel was not ineffective for failing to move to suppress the gun. However, as discussed earlier, the police officers had reasonable suspicion to detain and search defendant. Therefore, this factual finding was not erroneous, and the trial court's reliance thereon did not amount to an abuse of discretion. Since the trial court did not abuse its discretion when it denied defendant's motion to substitute counsel and defendant failed to demonstrate that defense counsel's performance was deficient, the trial court did not abuse its discretion when it denied defendant's motion for a new trial.

Additionally, defendant failed to demonstrate that the trial court abused its discretion when it denied his motion for an evidentiary hearing. A defendant is only entitled to an evidentiary hearing on a motion to substitute counsel where there is a factual dispute. See *Strickland*, 293 Mich App at 397. There was no dispute over the facts associated with defendant's motion to substitute counsel. On the record, both defendant and defense counsel agreed that the alleged breakdown in their relationship arose from their disagreement over the presentation of witnesses, and defendant does not claim on appeal that there was any factual dispute associated with his motion to substitute counsel. Since there was no factual dispute associated with defendant's motion to substitute counsel, the trial court did not abuse its discretion when it denied defendant's motion for an evidentiary hearing.

A *Ginther* hearing is not warranted when the "defendant has not set forth any additional facts that would require development of a record to determine if defense counsel was ineffective . . . ." *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007). Instead of setting forth facts that would require development of the record with respect to his argument that

defense counsel was ineffective, defendant expressly asserts that the transcripts were sufficient to demonstrate that trial counsel was ineffective for failing to move to suppress the evidence from the search. The facts relevant to his ineffective assistance of counsel arguments are those that are contained in the record. Defendant failed to set forth facts that required development, and thus, he was not entitled to an evidentiary hearing.

Affirmed.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Philip P. Mariani