*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 10, 2026
9:46 AM

Plaintiff-Appellee,

v

No. 370324
Wayne Circuit Court
LC No. 21-005963-01-FC

MAURICE ALI CRISP,

Defendant-Appellant.

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

Defendant, Maurice Ali Crisp, appeals as of right his convictions of first-degree murder, MCL 750.316(1)(a); assault with intent to commit murder, MCL 750.83; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and three counts of carrying a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Crisp was sentenced as a fourth-offense habitual offender, MCL 769.12, to life without parole for the first-degree murder conviction, five years' incarceration for each felony-firearm conviction, 25 to 50 years' incarceration for the assault with intent to murder conviction, and 25 to 50 years' incarceration for the felon-in-possession conviction. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of the shooting of Hector Villarruel and Michael Acuff in a mobile home park in Redford, Michigan. On May 12, 2021, Acuff invited Crisp and two friends over for a barbecue. The friends were Crisp's girlfriend, Amy Morgan, and Acuff's neighbor, Miranda Mullins. Mullins was engaged to Villarruel. All four were drinking alcohol. Acuff and Mullins were using cocaine purchased from Crisp.

Later in the night, Morgan and Mullins began arguing. Morgan alleged that Villarruel had sexually assaulted her in the past. After many hours of argument, Mullins left Acuff's trailer and went to her own. She allegedly told Villarruel about the conversation. Villarruel came over to Acuff's trailer and requested to speak with Crisp. Villarruel said, "So I heard—" He was then shot in the head by Crisp. Acuff was then shot in the jaw by Crisp as he turned to leave. Crisp

-1-

and Morgan left the trailer together after the shooting. Villarruel later died in the hospital, and Acuff survived.

Crisp was convicted and sentenced as previously provided. This appeal followed.

## II. ANALYSIS

## A. PREMEDITATION

Crisp argues that there was insufficient evidence to establish premeditation for his first-degree murder conviction. We disagree.

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "[T]his Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). All reasonable inferences and determinations of credibility are made in favor of the jury verdict. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id.* (citation and quotation marks omitted). Any conflicting evidence must be resolved in the prosecution's favor. *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020).

In relevant part, first-degree murder is defined as "[m]urder perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing." MCL 750.316(1)(a). The elements are "(1) the intentional killing of a human (2) with premeditation and deliberation." *Oros*, 502 Mich at 240 (citation and quotation marks omitted). Premeditation and deliberation are not statutorily defined. However, Michigan courts have recognized the following definitions: "[t]o premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *Id.* (citation and quotation marks omitted).

To establish premeditation and deliberation, there must be some span of time between the initial intent to murder and the action itself. *People v Gonzalez*, 468 Mich 636, 640; 664 NW2d 159 (2003). Though there is not a certain length of time required, it must be enough for a reasonable person to have time to reconsider, or take a "second look." *Id*. A brief moment is sufficient. *Oros*, 502 Mich at 243. A defendant's state of mind can be inferred from minimal circumstantial evidence. *Kenny*, 332 Mich App at 403.

Reviewing the record in the light most favorable to the prosecution, a rational trier of fact had sufficient evidence to make a reasonable inference that Crisp acted with premeditation and deliberation. Crisp and Morgan spoke to Mullins about the alleged sexual abuse of Morgan by Villarruel for hours. Before Mullins left, she heard Crisp say that he was going to do something to Villarruel. Mullins then went to the trailer and told Villarruel about the conversation. Villarruel went to Acuff's trailer after talking with Mullins. He knocked on the door, spoke to Acuff, and asked to speak with Crisp. Villarruel said, "So I heard—" Crisp then shot Villarruel in the head.

There was sufficient circumstantial evidence for a reasonable trier of fact to find that Crisp acted with premeditation when shooting Villarruel. *Kenny*, 332 Mich App at 403. Crisp's statement that he was going to do something to Villarruel indicated that he had an intent to harm Villarruel. Approximately five minutes passed between Mullins leaving the trailer and Villarruel arriving. This passage of time was sufficient for Crisp to have considered what exactly he wanted to do to Villarruel. *Oros*, 502 Mich at 243. Crisp had the additional time to reconsider when Villarruel knocked and spoke with Acuff. *Id*. Crisp's shooting of Villarruel was preceded by enough time for him to have taken a second look at his plan of action and change his mind. *Id*. Therefore, there was sufficient evidence that the killing of Villarruel was premeditated.

## B. PROSECUTORIAL ERROR

Crisp argues that he was denied a fair trial because the prosecutor improperly vouched for Acuff. We disagree.

To preserve a claim of prosecutorial error, a defendant must object to the statements of the prosecutor in the lower court. *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003). Because Crisp did not object in the lower court, this issue is unpreserved. *Id*. Preserved claims of prosecutorial misconduct are reviewed de novo. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). An unpreserved claim of prosecutorial error is reviewed for plain error affecting substantial rights. *Ackerman*, 257 Mich App at 448. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763: 597 NW2d 130 (1999). Plain error has affected substantial rights when it affects the outcome of the proceedings. *Id*.

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct[1] is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Prosecutorial errors are reviewed by examining the record and considering the remarks in context and in response to defendant's arguments. *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004).

> [A] prosecutor may not vouch for the credibility of his witnesses by implying that he has some special knowledge of their truthfulness. But a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes. [*Id*. at 455 (citation omitted).]

Considered in context, the prosecutor did not imply he had special knowledge of Acuff's truthfulness. Rather, the prosecutor, in anticipation of defense counsel's closing argument regarding Acuff's credibility, stated:

---

[1] Prosecutorial misconduct is a term of art used in criminal appeals. Technical or accidental errors by a prosecutor may more fairly be termed prosecutorial error. *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015).

Now, [defense] counsel, during the, the course of the trial, as I said, I anticipated she would do, she attacked [Acuff]'s credibility. Right? And that's perfectly appropriate. But I assert to you that, his testimony, when matched with the physical evidence, makes sense. It gives him credibility. I think she's gonna argue that, well, he used drugs that night, he can't be trusted. Well, think about it. He was able to even tell you what the defendant was wearing that night. He testified, it was blue jeans, and a Tigers hoodie. He owned up to the fact that he had used drugs that night. [Mullins] testified in the same fashion. She owned up to it. That gives them credibility.

Defense counsel proceeded to argue that Acuff testified inconsistently about if he purchased the food for the barbecue and if he did the grilling, Acuff would answer the prosecution promptly but would hesitate when responding to trial counsel, and Acuff could not actually identify who shot him. In rebuttal, the prosecution asserted that Acuff, "isn't a professional witness. He isn't, uhm, he's just kind of an average guy. So, he told you, he was a little bit nervous testifying." The prosecution further expressed that Acuff had an interest in making sure the correct person was convicted, and it was understandable if Acuff misspoke after being shot or while being heavily medicated.

The prosecutor did not make any statements that indicated a personal knowledge or belief in Acuff's credibility. *Thomas*, 260 Mich App at 455. Rather, he identified things the jury could consider when evaluating Acuff's credibility. It was appropriate for the prosecutor to respond to Crisp's arguments by pointing out why the jury might find Acuff to be credible. *Id*. at 454-455. Moreover, this Court has expressly provided that while vouching is impermissible, a prosecutor can "argue from the facts that a witness is worthy of belief." *People v Clark*, 330 Mich App 392, 434; 948 NW2d 604 (2019).

Additionally, any prejudice that was potentially caused by the prosecutor's remarks would be remedied by the trial court's instructions that the arguments of the parties were not evidence and to carefully consider the credibility of the witnesses. "Jurors are presumed to follow their instructions, and jury instructions are presumed to cure most errors." *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020) (citation and quotation marks omitted). The jury was instructed that it should not consider the prosecutor's closing argument as evidence, and it is presumed to have followed these instructions. Therefore, any potential error was cured. *Id*.

Crisp has not demonstrated plain error, let alone error affecting his substantial rights. *Ackerman*, 257 Mich App at 448. Therefore, his right to a fair and impartial trial was not violated.

## C. APPOINTMENT OF NEW COUNSEL

Crisp argues that he should be granted a new trial because the trial court refused to appoint new trial counsel when there was a breakdown in attorney-client relations. We disagree.

We review a trial court's decision on the substitution of counsel for an abuse of discretion. *People v McFall*, 309 Mich App 377, 382; 873 NW2d 112 (2015). A trial court has abused its discretion when issuing a decision that falls outside the range of principled and reasonable outcomes. *Id*.

-4-

"An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced." *Id*. (quotation marks and citation omitted). "When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *People v Strickland*, 293 Mich App 393, 388; 810 NW2d 660 (2011). Substitution of counsel must be supported by good cause and not unreasonably interrupt the judicial process. *McFall*, 309 Mich App at 382. Good causes include a legitimate difference of opinion on a fundamental trial tactic between a defendant and their appointed counsel, if counsel was not diligent or showed a lack of interest, or if communication failed and there was a breakdown in the attorney-client relationship. *People v Ginther*, 390 Mich 436, 442; 212 NW2d 922 (1973). Generalized unhappiness with representation or a lack of confidence in an attorney is not good cause. *Strickland*, 293 Mich App at 398.

In the present case, Crisp requested new counsel because he felt he was not getting proper representation from trial counsel. He stated that they had different opinions on his defense strategy, trial counsel had not filed the motions he requested, and trial counsel had not found the information he requested. Crisp's request for substitution of counsel was not supported by good cause. *McFall*, 309 Mich App at 382.

Crisp desired for trial counsel to file a motion in limine, a motion to compel discovery, and a motion for a bill of particulars. Trial counsel stated that several of the issues that Crisp requested to address via a motion in limine would be addressed by stipulation. A preliminary examination had been held. Discovery was still being produced by the prosecution, but trial counsel was reviewing discovery with Crisp. Trial counsel disagreed with Crisp on one issue but stated she would file a motion. She moved in limine, presumably related to the issues Crisp raised that would not be addressed by stipulation. Crisp made no further argument as to how he differed from trial counsel on matters of trial strategy. Ultimately, the motions Crisp wanted filed would be duplicative or were filed by trial counsel. There was no indication that there was a disagreement on a fundamental trial strategy. *Ginther*, 390 Mich at 442.

Crisp further alleged that there was certain information he needed trial counsel to track down but refused to give any more detail on the record. There was no evidence that trial counsel was not diligent in investigating Crisp's claims and finding information essential to the case, or that she failed to communicate with Crisp. *Id*. She had an investigator and had seen Crisp multiple times to go over discovery. She showed discovery from the prosecution to Crisp as she received the discovery. While Crisp may have reasonably wished to keep his trial strategy private before his trial, no similar reasoning applies on appeal. Crisp failed to provide an affidavit from himself or the friend he was allegedly with, Dizzy Brown. Because there is no documentary proof of a strategy disagreement, Crisp's argument in favor of new counsel appears to be based solely on his unhappiness. Without any further information from Crisp, his generalized unhappiness in his trial counsel was insufficient to constitute good cause for substitution of counsel. *Strickland*, 293 Mich App at 398.

The trial court stated that defense counsel would not be allowed to withdraw at this stage, which was 11 days before the start of the trial. Trial counsel was appointed December 10, 2021 and represented Crisp for over two years before Crisp requested new trial counsel. Given that the

offense occurred on May 13, 2021, and Crisp was bound over on August 31, 2021, granting a request that was made 11 days before trial and delaying Crisp's trial further beyond January 2024 would represent a disruption in the judicial process. *McFall*, 309 Mich App at 382. Because Crisp's request for new counsel was not supported by good cause, the trial court did not abuse its discretion in denying this request. *Id*.

## D.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his Standard 4 brief,[2] Crisp argues that he was denied effective assistance of counsel because trial counsel failed to call an additional witness or identify other potential perpetrators. We disagree.

A defendant's claim of ineffective assistance of counsel is preserved if defendant moves for a new trial or an evidentiary hearing in the trial court. *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018). Filing a motion in this Court to remand for an evidentiary hearing on the issue of ineffective assistance of counsel also preserves a defendant's claim. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Crisp did not move for a postjudgment evidentiary hearing or new trial in the trial court. Therefore, this issue is not preserved. *Head*, 323 Mich App at 538-539.

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Clear error has occurred when this Court has a "definite and firm conviction" that the trial court erred. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (quotation marks and citation omitted). Because this issue is unpreserved, our review is "limited to mistakes that are apparent from the record." *Head*, 323 Mich App at 539.

The United States and Michigan Constitutions guarantee effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 52. A reasonable probability is one that undermines confidence in the result of the trial. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The defendant must identify specific actions by their counsel that constitute ineffective assistance. *Id*. at 690. Counsel is presumed to be effective. *Id*. The defendant bears the burden of proving any deficiency of counsel. *Head*, 323 Mich App at 539.

Counsel is given wide discretion in matters of strategy, and it is presumed that counsel's actions are based on a sound strategy. *Strickland*, 466 US at 689-690. This Court should not "substitute [its] judgment for that of counsel on matters of trial strategy, nor will we use the benefit

---

[2] A "Standard 4" brief refers to a brief filed on behalf of an indigent criminal defendant pursuant to Michigan Supreme Court Administrative Order 2004-6, Standard 4.

of hindsight when assessing counsel's competence." *People v Loew*, 340 Mich App 100, 121; 985 NW2d 255 (2022) (alteration in original; citation and quotation marks omitted). Strategic decisions of counsel still must be objectively reasonable. *Trakhtenberg*, 493 Mich at 52.

"Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Counsel has a duty to undertake a reasonable investigation or make a reasonable determination that certain investigations are unnecessary. *Loew*, 340 Mich App at 121. If counsel performed an inadequate investigation, this constitutes ineffective assistance of counsel only if confidence in the trial's outcome is undermined. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). "Without some indication that a witness would have testified favorably, a defendant cannot establish that counsel's failure to call the witness would have affected the outcome of his or her trial." *People v Carll*, 322 Mich App 690, 703; 915 NW2d 387 (2018).

Crisp argues that trial counsel erred by failing to call his friend Dizzy as a witness because he could have provided an alibi for Crisp. The decision of whether to call Dizzy was a matter of trial strategy. *Horn*, 279 Mich App at 39. Crisp has not established that trial counsel's actions fell below an objective standard of reasonableness. *Trakhtenberg*, 493 Mich at 52. Crisp claimed he informed trial counsel that Dizzy would be able to testify that Crisp was not at Acuff's trailer when the shootings occurred. This allegation is apparently supported by Crisp's affidavit, which was not provided upon appeal. *Carll*, 322 Mich App at 703. Even if Crisp had provided his own affidavit, the statements regarding what Dizzy would have testified about would be deemed hearsay. Regardless, Crisp admits that he did not know where Dizzy was or how to locate him because Dizzy was "wanted and on the run." Crisp did not provide an affidavit from Dizzy, suggesting that he still did not know Dizzy's location.

It is unclear whether trial counsel investigated Crisp's claim that Dizzy could provide Crisp with an alibi. However, even assuming that trial counsel's investigation was inadequate, it was reasonable for trial counsel not to rely on the testimony of Crisp's friend, a known felon on the run from authorities, when there was overwhelming evidence that Crisp was present. *Russell*, 297 Mich App at 716. Acuff and Mullins testified that Crisp was at Acuff's trailer leading up to the shootings. Acuff testified that Crisp shot him and Villarruel. A white minivan was seen driving away after the shooting, which matched the type of car owned by Crisp. Therefore, it was reasonable for trial counsel not to argue that Crisp was absent. *Trakhtenberg*, 493 Mich at 52. This was a matter of trial strategy that this Court will not second-guess. *Loew*, 340 Mich App at 121; *Horn*, 279 Mich App at 39. Crisp cannot prove that trial counsel's failure to call Dizzy fell below an objective standard of reasonableness when Crisp could not locate Dizzy and there was overwhelming evidence Crisp was present at the scene of the shootings. *Head*, 323 Mich App at 539.

Even if trial counsel's failure to call Dizzy fell below an objective standard of reasonableness, Crisp has not shown that he was prejudiced by this decision. *Id*. The outcome of this trial is not undermined because of the significant evidence that Crisp was present when the shootings occurred. He provided no affidavits from or information about this witness, and our review is limited to errors apparent on the record. *Head*, 323 Mich App at 539. There is no indication in the record that Dizzy would have provided favorable testimony besides Crisp's claim

in his Standard 4 brief. Crisp cannot establish that calling Dizzy would have affected the outcome of his trial. *Carll*, 322 Mich App at 703. Thus, Crisp has not demonstrated that trial counsel's failure to call Dizzy regarding the May 2021 shooting denied him effective assistance of counsel. *Head*, 323 Mich App at 539.

Additionally, Crisp argues that trial counsel erred in failing to identify alternate perpetrators of the shooting. He suggests that Acuff and Villarruel could have been shot by their drug dealer or Morgan. However, Crisp ignores the testimony given by Mullins and Acuff that they purchased drugs from Crisp. There was no evidence presented that there were other drug dealers involved. Therefore, if trial counsel were to argue that Acuff and Villarruel were shot by their drug dealer, it would still implicate Crisp. Trial court's strategic decision not to focus on the drug-related aspects of this case did not fall below an objective standard of reasonableness. *Trakhtenberg*, 493 Mich at 52.

Lastly, trial counsel's primary argument was that Morgan shot Acuff. Though this strategy was unsuccessful, this Court does not analyze the strategic decisions of trial counsel with the benefit of hindsight. *Loew*, 340 Mich App at 120. Crisp has failed to identify an action by trial counsel that would constitute ineffective assistance because trial counsel did indeed argue there was an alternate perpetrator. *Strickland*, 466 US at 690. Therefore, Crisp has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness. *Trakhtenberg*, 493 Mich at 52.

Trial counsel's strategic decisions not to call Dizzy as a witness, not to argue that Villarruel and Acuff were shot by their drug dealer, and to assert that Morgan was the shooter did not fall below an objective standard of reasonableness. *Id*. Crisp was not denied effective assistance of counsel.[3]

Affirmed.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi

---

[3] Defendant's request for a *Ginther* hearing is abandoned because he failed to make any argument as to why an evidentiary hearing is necessary. *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016).